PEOPLE *v.* SALEM.

1. TRIAL — OPINION OF COURT — WITNESSES — INTERROGATION BY COURT—CRIMINAL LAW.

 While, in a criminal prosecution, the trial court should not permit his personal convictions to become apparent to the jury, it is his right, by interrogatories, to clear up any matters which appear to be left in doubt.

2. SAME—CONDUCT OF COURT—APPEAL AND ERROR.

 Remarks by the court to defendant's counsel, while unbecoming a trial judge, *held*, not prejudicial.

3. SAME—INSTRUCTIONS AS TO TESTIMONY OF CHARACTER WITNESSES —CRIMINAL LAW.

 In a prosecution for pandering, the use of the words "if possible," in instructing the jury that testimony of defendant's good repute was produced for the purpose of showing, if possible, that a man of his reputation would be unlikely to commit such crime, *held*, not prejudicial.

4. PROSTITUTION—PANDERING—EVIDENCE—SUFFICIENCY.

 In a prosecution under Act No. 389, Pub. Acts 1919, for pandering, defendant's contention that the record does not show that the woman gave defendant any money, as charged, is without merit, where it appears that, under an arrangement made by her with defendant, who was night clerk of a hotel, a man registered, paid two dollars, was shown to her room, for which she had paid, and that later defendant paid her one of the dollars and retained the other; the inference that the dollar retained by defendant was part of the earnings of the woman, being justifiable.

Error to recorder's court of Detroit; Heston (William M.), J. Submitted June 14, 1923. (Docket No. 114.) Decided July 19, 1923.

John Salem was convicted of pandering, and sentenced to imprisonment for 1½ years in the State prison at Jackson. Affirmed.

*Sol. Blumrosen,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *W. McKay Skillman,* Assistant Prosecuting Attorney, for the people.

BIRD, J.     The defendant was informed against and convicted of a violation of Act No. 389, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 15500 [1, 2]), otherwise known as the "pandering statute."     It appeared that the defendant was night clerk of a small hotel situate near the Grand Trunk railway station in the city of Detroit.     He was a brother of the proprietor. One Sadie Stratton testified, in substance, that she and a girl companion rented a room at the hotel for $7 per week, and that subsequently she made an arrangement with defendant whereby she was permitted to entertain male companions in her room.     It was understood that whenever she desired to take a man to her room he was to register and would then be conducted to her room, number 30.     Her testimony shows that on October 2, 1922, she was visited by a man named Sullivan.     That before going to her room he registered under an assumed name and paid the clerk two dollars; that afterward the clerk paid Sadie one dollar of this sum.

1. During the trial the court interrogated some of the witnesses and counsel claim that the inference to be drawn from the examination, and the manner of it, was prejudicial to defendant, in that it gave the jury to understand that the court thought defendant guilty.     *People* v. *Kilroe,* 201 App. Div. 549 (194 N. Y. Supp. 506), is cited in support of this contention. It is quite true the trial court should not permit his personal convictions to become apparent to the jury. But while this is true it is the right of the court by interrogatories to clarify and clear up any matters which appear to be left in doubt.     We are not im-

pressed that the trial court violated this rule.    Perhaps more questions were asked than were necessary, but we fail to see how they indicated the personal views or convictions of the court.

2. Complaint is also made that the remarks of the court to defendant's counsel tended to embarrass him and to prejudice him with the jury.    An illustration of this is the following:

"Mr. Blumrosen, there is no use getting too fly because that respondent—the proprietor of the hotel was in charge at the time and the transcript was never written up.    You understand that they are only written up when the respondent is held."

Counsel urges these remarks as error and cites *McDuff* v. *Journal Co.*, 84 Mich. 1 (22 Am. St. Rep. 673), in support of his contention, where the court says, in part:

"Appellate courts must presume that one occupying so important a position as that of a circuit judge can influence a jury.    *    *    *    Whenever he expresses an opinion on any disputed fact, or of the character of a witness, or compliments one attorney at the expense of the other, or uses language which tends to bring an attorney into contempt before the jury, or uses any language which tends to prejudice them, he commits an error of law for which the verdict and judgment must be promptly set aside."

While we are of the opinion that the language used by the court was unbecoming a trial judge, we are unable to say that it was serious enough to amount to reversible error.    A great many things are occasionally said and done during the trial of a cause which are in exceedingly poor taste, but which do not furnish the basis for reversible error.

3. While charging the jury the trial court made use of the following language:

"That testimony was produced for the purpose of showing you, *if possible*, that a man who has borne

the reputation of being a law abiding citizen in the city in which he resides is a man who is not likely to commit a crime of such a nature as that with which he is here charged."

This language was used while referring to defendant's testimony showing his good repute in the vicinity where he lived. The complaint is aimed at the two words "if possible." Suppose the court had said "that testimony was produced for the purpose of showing you, *if he could,* that," etc., no serious objection could have been urged. This appears to have been the sense in which the words were used and was probably so understood by the jury. Undoubtedly, it would have been better had the phrase been omitted, but its use does not warrant a reversal of the verdict.

4. The further point is made that the record does not show that Sadie Stratton gave defendant any money on October 2d, as charged. Perhaps there is no testimony that she paid him directly any money on October 2d, but the record shows that defendant collected two dollars from Sullivan for the entertainment which Sadie furnished him, and afterward he gave her half of it. The presumption cannot be indulged that the two dollars was collected for the use of the room, as she had theretofore rented it and was entitled to its use. If the jury were satisfied that the one dollar retained by defendant was not in payment of the room, but was a part of her earnings in entertaining Sullivan, then they had a right under the statute to find him guilty of a violation of the statute.

The judgment will be affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.