## PEOPLE *v.* HARRIS.

1. SEARCHES AND SEIZURES—RECEIVING MONEY FROM EARNINGS OF PROSTITUTE.

Since it is the right and duty of police officers to search the person of one lawfully arrested, the room or place in which arrest is made and also any other place to which they can get lawful access for articles that may be used in evidence to prove the charge on which the arrest is made, no constitutional right of one charged with receiving money from the earnings of a prostitute was violated in searching room of prostitute at time she was arrested, taking possession of exhibits in defendant's handwriting which were found there and introducing them in evidence where there is evidence that prostitute was an inmate or occupant of defendant's house and engaged in acts of prostitution with defendant's knowledge and cooperation (Act No. 328, § 457, Pub. Acts 1931).

2. EVIDENCE—SUPPRESSION.

The denial of a motion to suppress evidence which had been lawfully obtained was proper.

3. TRIAL—REQUESTS TO CHARGE—INSTRUCTIONS.

The refusal to give a request to charge which in part stated the law correctly was not error where the giving of such request as a whole would have been erroneous and misleading and the court gave a proper instruction upon the subject of which the law was stated correctly.

4. CRIMINAL LAW—RECEIVING MONEY FROM EARNINGS OF PROSTITUTE—EVIDENCE.

In prosecution for receiving money from the earnings of a prostitute, denial of request to charge that if jury found money received was in payment of clothes bought by prostitute it must find defendant not guilty *held,* not reversible error where there was no dispute as to fact of sale of clothes but prostitute also testified a like sum had been paid in addition thereto from what she had obtained as proceeds from her prostitution (Act No. 328, § 457, Pub. Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Cotter (Thomas M.), J.    Submitted January 15, 1942.    (Docket No. 74, Calendar No. 41,701.)   Decided February 11, 1942.

Ella Harris was convicted of receiving money from the earnings of a prostitute.   Affirmed.

*Samuel H. Rubin,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Ben L. Williams* and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorneys, for the people.

NORTH, J.   On trial by jury defendant was convicted under an information charging that she: "did then and there knowingly accept, receive, levy and appropriate certain money, to wit, $3.50 in lawful money of the United States of America, without consideration, from the proceeds of the earnings of a certain woman engaged in prostitution, to wit: Elizabeth Chatfield," in violation of section 457 of the 1931 Michigan penal code.   See Act No. 328, § 457, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–457, Stat. Ann. § 28.712).   Defendant's appeal presents the questions herein considered.

Appellant asserts that three exhibits in her handwriting which clearly tended to establish the people's case were illegally seized by police officers while in her place of residence, and that when these exhibits, or at least two of them, were offered in evidence by the people the trial judge committed prejudicial error in ruling that they were admissible notwithstanding defendant's objection and motion to suppress.   In this connection appellant contends

that her constitutional rights were violated. See United States Constitution, Fourth Amendment, and Michigan Constitution (1908), art. 2, § 10.

The record does not sustain appellant's contention that the exhibits received in evidence were obtained by an unlawful search or that they were "illegally seized from defendant's home." There is testimony to sustain the people's theory that Elizabeth Chatfield was an inmate or occupant of defendant's premises, and that she was there engaged in acts of prostitution with defendant's knowledge and cooperation; that while in control of the premises Elizabeth Chatfield admitted two officers of the law; and while there they acquired information that she was engaged in prostitution. Thereupon she was arrested and incident to her arrest one of the officers discovered and took possession of the exhibits. They were evidence of the guilt of Elizabeth Chatfield and were retained as such by the officers. Under such circumstances these items of evidence were lawfully obtained and held by the officers. These documents or exhibits were also competent evidence that defendant was guilty of the charge made against her and for which she was arrested the next day after Elizabeth Chatfield was arrested. Since this evidence was lawfully obtained and possessed by the prosecution, the trial judge properly denied defendant's motion to suppress and properly permitted receipt of the exhibits in evidence. In *People* v. *Cona,* 180 Mich. 641, 652, we quoted with approval the following:

"The police have the power and it is also their duty to search the person of one lawfully arrested, and also the room or place in which he is arrested, and also any other place to which they can get lawful access, for articles that may be used in evidence to prove the charge on which he is arrested."

The remaining contention of appellant is that the trial court erred in not giving the following charge requested by defendant.

"That if two theories could be reasonably deduced from the evidence one leading to a conclusion of innocence and one to guilt, you should adopt the theory leading to innocence and find the defendant not guilty. That is, if from the evidence you could find that on the 11th day of September, 1940, the defendant, Ella Harris, received $3.50 in payment of clothes bought by Elizabeth Chatfield, then you must find the defendant not guilty."

The trial judge was justified in not giving this request because as applied to the record in this case it was erroneous, misleading and, if followed literally, would have improperly necessitated acquittal of defendant. If it had been given the court would have thereby instructed the jury that in event they found defendant received from Elizabeth Chatfield $3.50 on the 11th day of September, 1940, in payment of clothes bought by Elizabeth Chatfield, defendant should be found not guilty. There was no dispute in the evidence that Elizabeth Chatfield did make such a payment to defendant; but Elizabeth Chatfield also testified that in addition to this payment for clothes she paid without consideration on the date mentioned a like sum obtained by her as the proceeds of her prostitution.

Conceding that the first sentence of the above-quoted request is a fair and applicable statement of law, it was not prejudicial error for the trial court, under the circumstances of this record, to decline to give it in the exact words of the request. It is only another method of directing the jury that an accused cannot be convicted if upon consideration of the testimony the jury still has a reasonable doubt of guilt. Of this phase of the law the jury

in the instant case was plainly and repeatedly advised in the charge of the court. We are content to ·quote in this particular a single statement from the charge of the court:

"The defendant, as I said,—you must be satisfied of her guilt beyond a reasonable doubt. A reasonable doubt means * * * such doubt that after a careful review of all the evidence you cannot say you have an abiding conviction to a moral certainty of the defendant's guilt. If you have that kind of doubt, it is your solemn duty to resolve it in favor of the defendant and acquit her."

Conviction and judgment are affirmed, and the case is remanded for execution of sentence.

CHANDLER, C. J., and BOYLES, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.