## PEOPLE v. ANDREWS

1. CONSTITUTIONAL LAW—SEARCHES AND SEIZURES—EXCLUSIONARY RULE.

    The federal exclusionary rule that illegally seized evidence is inadmissible at trial, which implements the Fourth Amendment prohibition of unreasonable search and seizure, is applicable to the states through the Fourteenth Amendment (US Const, art 6, § 2; Ams 4, 14).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 412 *et seq.*
Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure. 50 ALR2d 531.
Federal Constitution as affecting admissibility of evidence obtained by illegal search and seizure. 84 ALR2d 959.

2. Constitutional Law—Searches and Seizures—Evidence—Admissibility—Statute.

> Provision of the state constitution which allows narcotic drugs, firearms, bombs, explosives or any other dangerous weapons seized outside the curtilage of any dwelling house in the state to be admitted in evidence, regardless of the legality of the search and seizure which produced such evidence, is in conflict with the Fourth Amendment guarantee of freedom from unreasonable search and seizure as implemented by the federal exclusionary rule made binding on the states by the supremacy clause and the Fourteenth Amendment and may not prevail (Const 1963, art 1, § 11; US Const, art 6, § 2, Ams 4, 14).

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 February 5, 1970, at Detroit. (Docket No. 8,052.) Decided February 12, 1970. Leave to appeal denied August 4, 1970. 383 Mich 813.

George Cooper Andrews was convicted of carrying a concealed weapon. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Owen J. Galligan,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Before: Lesinski, C. J., and McGregor and V. J. Brennan, JJ.

Lesinski, C. J. Defendant George Cooper Andrews appeals his jury conviction on the charge of carrying a concealed weapon.[1]

---

[1] MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).

The records of the preliminary examination and the trial reveal that defendant was arrested in an area where a murder had occurred six or seven hours earlier. The arresting officer testified that defendant "fit the description" of one of the murderers.[2] Upon arresting the defendant, the officer searched the defendant and discovered a .38-caliber blue steel Cobra revolver in his pants pocket. Prior to trial, defendant moved to suppress this evidence as being the product of an unreasonable search and seizure.[3] The motion was denied without an evidentiary hearing or written opinion. At trial defendant renewed his motion. The trial court again denied the motion stating:

"This does not involve the question at this time as to the validity of the arrest. This raised the question as to the admissibility of the evidence. All of the matters were disposed of and under the constitutional proviso, article 1, section 10, [*sic*] I believe, of the Constitution of 1963, and decided in the case of the *People* v. *Vanlandingham* of 6 Mich App 128 and in the *Blessing* case and other decisions of the Michigan Supreme Court, the proviso is that after referring to the protection of a person from unreasonable searches and seizures—and I will read

---

[2] The officer apparently had "heard from other officers [involved in the murder investigation]" that the suspects were two male Negroes. One was a "light-skinned male Negro, tall slim build with an Afro-American haircut". The other was "a male Negro, smaller than [the first man], huskier, and dark complexion". Both "were wearing dark clothing". Defendant was "light-skinned" and was wearing a "fairly dark blue smoking jacket". His hair was in an "Afro-American" cut. The officer testified that outside of a description and the defendant being in the Six Mile Road—Dequindre area, he was not doing anything which caused the officer to believe he had been guilty of a felony. The officer arrested defendant immediately upon seeing him.

[3] Defendant argued in the trial court (as he does on appeal) that his arrest was made without probable cause and that, therefore, the subsequent search violated US Const, Ams 4, 14, as applied to the states by *Mapp* v. *Ohio* (1961), 367 US 643 (81 S Ct 1684, 6 L Ed 2d 1081, 84 ALR2d 933).

it for purposes of the record: 'Article 1, section 11.
The person, houses, papers and possessions of every
person shall be secure from unreasonable searches
and seizures. No warrant to search any place or
to seize any person or things shall issue without
describing them, nor without probable cause, sup-
ported by oath or affirmation. *The protection of this
section shall not apply to bar from evidence in any
criminal proceeding any narcotic drugs, firearm,
bomb, explosive or any other dangerous weapon
seized by a peace officer outside the curtilage of any
dwelling house in this state.*'

"This has been passed upon by our Court of Ap-
peals. The constitutionality of our constitutional
proviso has been upheld. The Michigan Supreme
Court has upheld this. This court is obliged to fol-
low the decisions of the Court of Appeals, of the
Supreme Court of this state, and of the United
States Supreme Court. Let the record indicate that
this constitutional proviso was adopted by the
delegates to the constitution following the decision
of *Mapp* v. *Ohio*, that the Court of Appeals in the
*Vanlandingham* case and the Supreme Court have
upheld the proviso and *there has been no decision of
law on the part of any court which has jurisdiction
over our appeals that would indicate that our pro-
viso is not constitutional and under its term the
evidence is admissible.*" (Emphasis supplied.)

The evidence was admitted.

During trial plaintiff objected to defense counsel's
attempted questioning of the arresting officer regard-
ing the basis of defendant's arrest. In the absence
of the jury the court stated:

"The court already ruled that *regardless of the
reasonableness of* [sic] *probable cause for the ar-
rest, that this evidence is admissible because of the
constitutional proviso* and the court pre-trial also
indicated that in its opinion there was probable

cause here and I am not going to go into this again."
(Emphasis supplied.)

In the court's instructions to the jury, reference was
again made to the search and seizure:

"I do want to charge you as a matter of law that
that has bearing in this case at all because, *regard-
less of the validity of the arrest,* a firearm seized out-
side the curtilage of a dwelling by a peace officer
comes within the search and seizure proviso of ar-
ticle 1, section 11 of our 1963 Constitution, following
an amendment adopted by the people in 1963 and
which was continued from the old constitution into
the present one, and the search and seizure amend-
ment reads as follows: [Reading Const 1963, art 1,
§ 11.]

          *     *     *

*"So the court, as a matter of law, has ruled that
the evidence that was introduced as Exhibit 1 was
properly introduced as evidence under the search
and seizure proviso."*  (Emphasis supplied.)

The various rulings and statements of the trial
court have placed the issue of the constitutionality
of the last sentence of Const 1963, art 1, § 11, square-
ly before this Court.

In *Mapp* v. *Ohio* (1961), 367 US 643 (81 S Ct
1684, 6 L Ed 2d 1081, 84 ALR2d 933), the United
States Supreme Court declared that the exclusion-
ary rule, implementing the Fourth Amendment[4] pro-
hibition of unreasonable search and seizures, applies
to the states through the Fourteenth Amendment.[5]
In a separate opinion in *People* v. *Barker* (1969), 18
Mich App 544, 549, Judge CHARLES LEVIN spoke
critically of the consistent refusal of the courts of
this state to consider the applicability of *Mapp* to
the cited provision of the Michigan Constitution:

---

[4] US Const, Am 4.
[5] US Const, Am 14.

The result has been to set Michigan apart as the one state in the union refusing to protect the constitutionally-guaranteed rights of criminal , defendants subjected to unreasonable search and seizures in this limited area. A review of the record in the instant case convinces us that passive acceptance of the validity of the constitutional provision is no longer permissible. The trial judge, relying on Michigan case authority, refused to decide the issue of the legality of defendant's arrest (and hence, the reasonableness of the warrantless search of defendant's person[6]) holding that the revolver was admissible into evidence *in any event* under the terms of the last sentence of Const 1963, art 1, § 11. This position cannot prevail. The last sentence of article 1, § 11 of the Constitution of 1963 conflicts with the Fourth Amendment to the United States Constitution.[7] In such an instance the Supremacy Clause controls.[8]

In reaching our decision today, we are mindful of the fact that on January 5, 1970 the United States Court of Appeals for the Sixth Circuit decided *Lucas* v. *Michigan* (CA 6, 1970), 420 F2d 259, a case arising on a *habeas corpus* proceeding, wherein it was held "that the last sentence of article 1, § 11 of the Michigan Constitution of 1963 is in conflict with the Fourth Amendment to the Constitution of the United States as applied to the states in *Mapp* v. *Ohio.*" 420 F2d 259, 263. Since the Federal Court of Appeals also indicated that state (of Michigan) prisoners aggrieved by trial court rulings incorrectly *applying* art 1, § 11, would no longer be required to exhaust

---

[6] See *United States* v. *Rabinowitz* (1950), 339 US 56 (70 S Ct 430, 94 L Ed 653).

[7] See *Lucas* v. *Michigan* (CA 6, 1970), 420 F2d 259.

[8] *Reynolds* v. *Sims* (1963), 377 US 533, 583 (84 S Ct 1362, 12 L Ed 2d 506).

state remedies before seeking Federal relief, we find it most important to settle the instant question to avoid the unseemly situation where "Michigan litigants find it necessary to seek the protection of the Federal courts for vindication of rights enjoyed without question by all in the other 49 states." *People* v. *Barker, supra,* at 558.

In view of the possible erroneous admission of evidence and the clearly erroneous instruction to the jury, we reverse. In the event the motion to suppress is once again renewed, the trial court shall hold a full evidentiary hearing and determine the admissibility of the evidence in accordance with this opinion.

Reversed and remanded **for new trial.**

All concurred.