PEOPLE *v.* REEVES

1. ARREST—WITHOUT WARRANT—PROBABLE CAUSE.

A peace officer may, without a warrant, arrest a person when he has reasonable cause to believe that a felony has been committed and reasonable cause to believe the person arrested has committed it, but such an arrest cannot be made merely on suspicion, without cause, nor on a mere general suspicion that a crime is being committed, and review of such arrests must consider the circumstances as they would have appeared at the time to a reasonable man (MCLA § 764.15).

2. ARREST—WITHOUT WARRANT—PROBABLE CAUSE—OFFICER'S OBSERVATIONS—GENERAL SUSPICION.

Police officer's observation of defendant running from a hotel into a legally parked taxicab where defendant removed a packet from his sock and dropped it on the taxicab floor did not justify an arrest without a warrant since defendant's actions, although giving rise to a general suspicion that a crime was being committed, was not, standing alone, sufficient to create probable cause.

3. SEARCHES AND SEIZURES—WITHOUT WARRANT—AUTOMOBILES—NARCOTICS—REASONABLENESS.

The standard of reasonableness imposed upon the conduct of police officers during searches for, and seizures of, contraband, such as narcotics in automobiles, is one which considers all of the surrounding circumstances and requires only that the officer act as a reasonable man would upon the knowledge which he actually possesses and not upon vague general suspicions.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 5 Am Jur 2d, Arrest § 22 *et seq.*
Lawfulness of search of motor vehicle following arrest for traffic violation. 10 ALR3d 314.

Appeal from Recorder's Court of Detroit, Vincent J. Brennan, J. Submitted Division 1 March 10, 1970, at Detroit. (Docket No. 7,303.) Decided April 16, 1970.

Roosevelt Reeves was convicted of illegal possession of narcotic drugs. Defendant appeals. Reversed and defendant discharged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Frank J. Potts,* for defendant on appeal.

Before: T. M. Burns, P. J., and Holbrook and Bronson, JJ.

T. M. Burns, P. J. This is an appeal from the recorder's court of the city of Detroit, wherein the trial judge, sitting without a jury, found the defendant guilty of possession of narcotic drugs, (cocaine), without a license, MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123), and sentenced him to serve three and one-half years to ten years in prison with a recommendation of a five-year maximum.

From the record it appears that at about 12:10 a.m. on January 16, 1967, two Detroit police officers observed the defendant running out of the Carlton Hotel, 555 East Adams, and enter a taxicab which was parked in front of the hotel. The officers testified that they then approached the cab, and saw the defendant remove an envelope from his stocking and throw it on the floor of the cab. One of the officers testified that he then opened the left rear door of the cab and removed the envelope. He further

testified that at the time he believed the envelope contained heroin. The defendant was arrested and charged with possession of narcotics, contrary to MCLA § 335.151 (Stat Ann 1957 Rev § 18.1123).

The testimony of the officers with regard to where the narcotics were, when found, is contradicted by the driver of the cab, who testified that the police never entered the cab or searched it, and certainly did not take anything out of it.

The police officers' purported justification for stopping the defendant was that they believed that he had held up the hotel. However, they testified that they never determined whether in fact there had been a holdup; and at least one of the officers candidly admitted under cross-examination that he knew there had not been a holdup.

So in effect, from the record, it appears that all the police observed and acted upon was the fact that the defendant ran from the hotel to the cab. Even though they conceded that they did not really believe that the defendant had robbed the hotel, the trial court allowed the narcotics seized into evidence.

On appeal, the defendant contends that the narcotics were the subject of an unreasonable search and were therefore inadmissible, despite Const 1963, art 1, § 11, which allows such unreasonably seized evidence to be admitted, contrary to US Const, Am 4.

With regard to the constitutionality of Const 1963, art 1, § 11 in face of *Mapp* v. *Ohio* (1961), 367 US 643 (81 S Ct 1684; 6 L Ed 2d 1081; 84 ALR2d 933), we here adopt the opinion written for this Court by Chief Judge LESINSKI in *People* v. *Andrews* (1970), 21 Mich App 731, and strike as much of Const 1963, art 1, § 11 as is contrary to US Const, Am 4.

Yet here we may not stop at that, as the Court in *Andrews* did, because here the people do not concede that the search was unreasonable. We do not consider, however, that the trial court ever determined whether the search was reasonable, as it was the practice of recorder's court to rely on Const 1963, art 1, § 11.

The conditions required for a warrantless arrest are set forth in MCLA § 764.15 (Stat Ann 1954 Rev § 28.874). Generally, the arresting officer must have probable cause before he can make an arrest without a warrant. A warrantless arrest may not be made merely on "suspicion without cause," *People* v. *Burt* (1883), 51 Mich 199, 202; *People* v. *Wolfe* (1967), 5 Mich App 543; see *People* v. *Panknin* (1966), 4 Mich App 19. Nor may a warrantless arrest be made on a mere general suspicion that a crime is being committed. *People* v. *Stein* (1933), 265 Mich 610; *Somerville* v. *Richards* (1877), 37 Mich 299.

When reviewing arrests made without a warrant, we consider the circumstances as they would have appeared at the time to a reasonable man.

"CL 1948, § 764.15 (Stat Ann 1954 Rev § 28.874) permits peace officers to make an arrest without a warrant upon reasonable cause to believe that a felony has been committed and that such person has committed it. The existence of probable cause 'depends in every case upon the peculiar circumstances confronting the arresting officer. * * * He makes his determination, and we review it, not as a legal scholar determines the existence of consideration in support of a promise, but as a man of reasonable prudence and caution would determine whether the person arrested has committed a felony.' *People* v. *Harper* (1962), 365 Mich 494, 501." *People* v. *Bracy* (1967), 8 Mich App 266, 275.

Defendant contends that the testimony of the police officers does not establish that they had probable cause, that is, a reasonable basis, for making an arrest.

The people contend that under the circumstances the officers had reasonable cause to believe a felony (possession of narcotics) had been committed, or was being committed, and therefore the subsequent arrest and search were valid.

The people rely upon two cases, *People* v. *Kuntze* (1963), 371 Mich 419 and *People* v. *McDonald* (1968), 13 Mich App 226, for support of their contention. The people, however, fail to mention a very significant fact in both *Kuntze, supra* and *McDonald, supra,* that distinguishes them from the case at bar. Namely, that in *both* of those cases the defendants had been *lawfully* stopped for a violation of the state Motor Vehicle Code *before* the evidence in question was detected and seized. The Court in *Kuntze, supra,* said on pp 424, 425:

"While it is not necessary, therefore, to determine whether or not defendants were formally arrested before the leg of deer was seized, the fact that they had violated the motor vehicle code (without regard to the officers' possible right to stop defendants otherwise) is of some significance to the extent it required the officers in the proper exercise of their duty to stop defendants' car. The officers' right to do so is not questioned; nor can such right be doubted. Having done so, they put themselves in relation to defendants and their car in a place they had a right to be and from such vantage point Trooper Righter observed the commission of a misdemeanor by the defendants in his presence.  *  *  * The only evidence received on the motion to suppress was the officers' testimony and from that the trial judge was entitled to find, as he did, that defendants were stopped legally for a traffic violation.

"Having lawfully stopped the defendants, the legal property of the subsequent search and seizure of the leg of deer depends upon the information the officers then possessed and subsequently learned immediately before its seizure for it is that information by which they, and we, must determine whether they had a right to search and seize without a warrant and to what extent that right properly could be exercised." (Citations omitted.)

We find nothing in the record in the instant case which amounts to probable cause for stopping the defendant. Compare *People* v. *Harper, supra*. The taxicab driver testified that he was legally parked next to the curb at the hotel. The officer admitted that he knew there had not been a holdup at the hotel. In addition, we are not directed to authority for the proposition that the mere observance by the officers of the defendant taking a packet out of his stocking and dropping it on the floor of the taxicab gives the officers probable cause to make an arrest. This action may give rise to a general suspicion that a crime is being committed, but we do not consider that alone would be sufficient to create probable cause, justifying an arrest.

To find that there was probable cause to arrest and search the defendant, a trial court must find sufficient facts to meet the standard of reasonableness set down by US Const, Am 4 as it has been developed in such cases as *McCray* v. *Illinois* (1967), 386 US 300, 301, 315 (87 S Ct 1056; 18 L Ed 2d 62), reh den 386 US 1042 (87 S Ct 1474; 18 L Ed 2d 616), and *Cooper* v. *California* (1967), 386 US 58 (87 S Ct 788; 17 L Ed 2d 730), *reh den* 386 US 988 (87 S Ct 1283; 18 L Ed 2d 243).

Although we recognize that a standard of reasonableness is imposed upon the conduct of police officers in the field of searches for, and seizures of, con-

traband such as narcotics in automobiles, we do not impose the same standard of reasonableness on such searches as we have upon searches in non-mobile situations, such as in buildings. For as Judge Levin indicated in his concurring opinion in *People* v. *Barker* (1969), 18 Mich App 544, 554 in footnote 11, the United States Supreme Court has clearly stated in *Dyke* v. *Taylor Implement Mfg. Co.* (1968), 391 US 216, 221 (88 S Ct 1472; 20 L Ed 2d 538), that "(a)utomobiles, because of their mobility, may be searched without a warrant upon facts not justifying a warrantless search of a residence or office." The standard which is imposed is one which considers all of the surrounding circumstances. It requires only that the police officer act as a reasonable man would upon the knowledge which he actually possesses, and not on vague and general suspicions.

On the facts presented to us in the records, it is patently clear that the conduct of the arresting officers does not measure up to the standard of reasonableness. Therefore, we are left no alternative but to reverse the conviction of the defendant which was based solely on the improperly seized evidence.

Reversed and defendant discharged.

All concurred.