PEOPLE *v.* PIERCE

CONSTITUTIONAL LAW—SEARCHES AND SEIZURES—CRIMINAL LAW—
EVIDENCE—ADMISSIBILITY.

> The Michigan constitutional provision that the section prohibiting unreasonable searches and seizures should not be construed to bar from evidence in any criminal proceeding certain articles or dangerous weapons seized by a peace officer outside the curtilage of any dwelling house in this state conflicts with the Fourth and Fourteenth Amendments to the United States Constitution and is not to be applied in the courts of this state (US Const, Ams 4, 14; Mich Const 1963, art 1, § 11).

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 June 18, 1970, at Detroit. (Docket No. 7,733.) Decided July 27, 1970.

Joe Nathan Pierce was charged with illegal possession of marihuana. Motion to suppress evidence granted and charges dismissed. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

---

REFERENCES FOR POINTS IN HEADNOTE

29 Am Jur 2d, Evidence § 418.
47 Am Jur, Searches and Seizures §§ 6, 52.
Lawfulness of nonconsensual search and seizure without warrant, prior to arrest. 89 ALR2d 715.

Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Jane Kerr Burgess,* for defendant.

Before: LESINSKI, C. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. On January 20, 1969, defendant was arraigned on a charge of illegal possession of marihuana, MCLA § 335.153 (Stat Ann 1957 Rev § 18-.1123), and preliminary examination was held. At that time defendant moved to suppress certain evidence as the product of an illegal search and seizure. Defendant's motion was denied by the examining magistrate who found that Const 1963, art 1, § 11 permitted receipt of the evidence regardless of the illegality of the search.

Const 1963, art 1, § 11 provides as follows:

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation. *The provisions of this section shall not be construed to bar from evidence in any criminal proceeding any narcotic drug, firearm, bomb, explosive or any other dangerous weapon, seized by a peace officer outside the curtilage of any dwelling house in this state."* (Emphasis supplied.)

On April 15, 1969, defendant renewed his motion to suppress the evidence arguing that Const 1963, art 1, § 11 conflicted with the Fourth and Fourteenth Amendments of the United States Constitution as interpreted by *Mapp* v. *Ohio* (1961) 367 US 643 (81 S Ct 1684, 6 L Ed 2d 1081, 84 ALR2d 933), and

that the search and seizure was illegal being the product of an illegal arrest. Plaintiff responded arguing that the constitutional provision was not defective and that the evidence should be admitted. In addition, plaintiff stated that "on the set of facts that I read in the transcript I would not choose to argue the existence of probable cause." The trial court granted defendant's motion, suppressed the evidence, and dismissed the charges. Plaintiff appeals.

The issue on appeal is: *Did the lower court err in granting defendant's motion to suppress the evidence by holding Const 1963, art 1, § 11 violated the Fourth and Fourteenth Amendment to the United States Constitution?*

This issue has been decided adversely to plaintiff in *People* v. *Andrews* (1970), 21 Mich App 731, and *People* v. *Reeves* (1970), 23 Mich App 183. Const 1963, art 1, § 11 (the portion thereof italicized above) conflicts with the Fourth and Fourteenth Amendments to the United States Constitution and is not to be applied in the courts of this state.

Affirmed.