PEOPLE *v.* OTIS DUMAS

1. SEARCH AND SEIZURE—REASONABLENESS—STANDARDS.

The reasonableness of a search is to be decided on the facts and circumstances of the particular search; there is no absolute test of a search's reasonableness.

2. ARREST—PROBABLE CAUSE.

The arrest of the defendant was lawful where arresting officers had been informed by another police officer of the location of the defendant and that there was an outstanding arrest warrant for the defendant.

3. SEARCH AND SEIZURE—REASONABLENESS—EVIDENCE.

Search of a paper bag in the defendant's car and seizure of a loaded pistol and ammunition contained in the bag were reasonable where the arrest was lawful, the arresting officers, while pursuing the defendant, noticed that the defendant had put his right arm down toward the floor, and where, during the arrest, the officer had noticed, from outside the car, part of the bag protruding from under the front seat.

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 47 Am Jur, Searches and Seizures § 19.
[5, 6] 53 Am Jur, Trial § 76 *et seq.*
  Prejudicial effect of trial judge's remarks, during criminal trial, disparaging accused. 34 ALR3d 1313.

4. Criminal Law—Evidence—Weapons—Admissibility.

Admission into evidence of a pistol and ammunition pursuant
to a state constitutional *proviso* allowing an illegally-seized
weapon to be admitted does not require reversal or remand
even though that *proviso* had been declared unconstitutional,
where the arrest was lawful and the search and seizure were
reasonable.

5. Witnesses—Court's Questioning—Clarification—Discretion.

The court may question a witness for the purpose of attempting
to clarify remarks in the witness's testimony; such ques-
tioning is within the court's discretion.

6. Witnesses—Court's Questioning—Defendant Testifying.

The court's questioning the defendant was not error where the
court wanted to clarify why the defendant was in a certain
location, where there was no direct or prejudicial connection
btween the questions and the proof of offense with which
defendant was charged, and where the court did not make its
own views on disputed issues of fact apparent to the jury.

Appeal from Kent, John H. Vander Wal, J. Sub-
mitted Division 3 June 18, 1970, at Lansing.
(Docket No. 8,513.) Decided July 29, 1970.

Otis L. Dumas was convicted of carrying a con-
cealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Donald A. Johnston, III,*
Chief Appellate Attorney, for the people.

*William J. Heyns,* for defendant on appeal.

Before: Fitzgerald, P. J., and R. B. Burns and
Danhof, JJ.

R. B. Burns, J. Defendant was convicted by a
jury of carrying a concealed weapon without a li-
cense. MCLA § 750.227 (Stat Ann 1962 Rev § 28-

.424). A police detective while on assignment observed defendant sitting in a stopped vehicle at a bowling alley. He recognized the car as one that the department was looking for and was aware there was an outstanding warrant for defendant's arrest. This information was relayed to two other officers in a nearby patrol car. These officers pursued defendant's vehicle for a short way before defendant stopped on the side of the road. Just before the auto pulled to a stop one of the officers noticed the driver lean to his right and put his right arm down toward the floor. During the following arrest on the outstanding warrant one of the officers observed from outside of the vehicle part of a brown bag visible and protruding from under the front seat. He reached in, took the paper bag and opened it. Inside he found a loaded .22 caliber pistol and shells.

On appeal defendant contends that the police officers made an unreasonable and illegal search of defendant's motor vehicle and that the illegally-seized weapon should not have been introduced into evidence by reason of the illegal search and seizure. Defendant further contends prejudicial error resulted from the court's questioning of defendant at trial.

Michigan has joined other states in holding that evidence obtained by a search and seizure in violation of the Fourth Amendment is inadmissible. *Mapp* v. *Ohio* (1961), 367 US 643 (81 S Ct 1684, 6 L Ed 2d 1081, 84 ALR2d 933); see *People* v. *Barker* (*concurring* opinion) (1969), 18 Mich App 544, 549; *People* v. *Andrews* (1970), 21 Mich App 731.

There is no fixed formula to determine the reasonableness of searches and therefore this question in the first instance is for the trial court to determine. *United States* v. *Rabinowitz* (1950), 339 US 56 (70 S Ct 430, 94 L Ed 653).

The test of reasonableness, as was held in *Harris* v. *United States* (1947), 331 US 145, 150 (67 S Ct 1098, 1101, 91 L Ed 1399, 1405) cannot be stated in rigid and absolute terms; each case is to be decided on its own facts and circumstances.

The police, in the present case, based upon reliable information, had sufficient probable cause to arrest defendant. The arrest was lawful. Defendant's actions upon being pursued made it both necessary and reasonable to examine the contents of the brown paper bag visible under the front seat. The search, and the seizure of the gun and bullets was an incident of and contemporaneous with a lawful arrest. *People* v. *Johnnie Mae Jones* (1968), 12 Mich App 369; *People* v. *Danny Williams* (1969), 16 Mich App 557.

As the Supreme Court has stated in *People* v. *Cona* (1914), 180 Mich 641, 652; *People* v. *Harris* (1942), 300 Mich 463, 465; and *People* v. *Ritholz* (1960), 359 Mich 539, 551:

"The police have the power and it is also their duty to search the person of one lawfully arrested, and also the room or place in which he is arrested, and also any other place to which they can get lawful access, for articles that may be used in evidence to prove the charge on which he is arrested."

The arrest in this case was lawful and the seizure under the circumstances was reasonable. Therefore, it was not error to admit the objects seized into evidence at the trial.

Although the trial judge admitted the seized evidence on a false impression of prevailing law—Const 1963, art 1, § 11 instead of the *Mapp* v. *Ohio* rule—no reversal or remand is necessary because in the present case the arrest was lawful and the search was reasonable. *People* v. *Andrews, supra,*

is distinguishable because the trial court never determined the validity of an arrest prior to seizure. The *Andrews* case does not change the conclusion in this case, that the arrest was lawful, the seizure reasonable, and the evidence seized admissible.

Defendant's final issue concerning the questioning of defendant by the court during trial is without substance. It is apparent from the questions that the trial judge was attempting to clarify defendant's reason for being in the area where he was subsequently arrested. Defendant stated it was necessary to have his vehicle radiator repaired at the closest Clark station providing such service. There is no direct or prejudicial connection between the questions asked and proof of the offense charged. The court did not make its own views apparent to the jury on disputed issues of fact.

This Court has frequently recognized the latitude of discretion possessed by a trial judge in the conduct of a trial. It certainly encompasses a right to question a witness for the purpose of shedding light on something unclear in the testimony. *People* v. *Salem* (1923), 224 Mich 114; *People* v. *Young* (1961), 364 Mich 554, 558. See *People* v. *Ray* (1966), 2 Mich App 623, 636.

Affirmed.

All concurred.