Charles L. **ALBERTSON**, Petitioner,

v.

Perry L. **JOHNSON**, Warden,
Respondent.

No. 21020.

United States Court of Appeals,
Sixth Circuit.

April 23, 1971.

Charles L. Albertson, in pro per.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Stewart H. Freeman, Asst. Sol. Gen., Lansing, Mich., on brief for respondent.

Before PHILLIPS, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

Charles L. Albertson is confined in a Michigan State prison under a conviction of first degree murder. The question presented on this appeal is whether he must exhaust his State court remedy of a delayed appeal to the Supreme Court of Michigan before maintaining an action for federal habeas corpus. We affirm the decision of District Judge Talbot Smith dismissing the petition for failure to exhaust State remedies.

An earlier petition for habeas corpus was dismissed by the District Court on the same ground on February 24, 1967. Thereafter Albertson filed a delayed appeal in the Michigan Court of Appeals. That court appointed counsel to represent him on the appeal. The appeal thereafter was denied.

Instead of pursuing his then available state remedy of an application for leave to appeal to the Supreme Court of Michigan, Albertson undertook to file a petition for writ of habeas corpus in that court. The clerk of the Michigan Supreme Court sent to Albertson a sheet of instructions showing how he could file an application for leave to appeal. Without complying with these instructions, Albertson filed the present action in the District Court.

This court has held repeatedly that a Michigan State prisoner must exhaust his remedies in the State courts, including delayed appeal to the Supreme Court of Michigan, before maintaining an action for federal habeas corpus. 28 U.S.C. § 2254(b) and (c). Curtis v. Buchkoe, 336 F.2d 32 (6th Cir.); Hampton v. Buchkoe, 334 F.2d 6 (6th Cir.).

 Albertson asserts that no relief is available to him in the State courts of Michigan, relying upon the decision of this court in Lucas v. Michigan, 420 F.2d 259 (6th Cir.). Recent decisions of the Michigan Appellate Courts have ruled that the last sentence of Art. 1, § 11 of the Michigan Constitution of 1963 is void as repugnant to the Fourth Amendment to the Constitution of the United States. People v. Pennington, 383 Mich. 611, 178 N.W.2d 471; People v. Andrews, 21 Mich.App. 731, 176 N.W.2d 460. In the light of these recent Michigan decisions, the holding of this court in Lucas that State prisoners could seek federal habeas corpus on certain Fourth Amendment issues without exhausting State remedies no longer is applicable. Our present holding is that a Michigan State prisoner relying upon the Fourth Amendment as a ground for post-conviction relief must exhaust his remedies in the State courts, including delayed appeal, before maintaining an action for federal habeas corpus.

 Albertson contends that he wrote a timely letter seeking to appeal his conviction "of right," and was deprived of his remedy of direct appeal by the action or inaction of the prosecuting attorney. This allegation, if true, is sufficient to entitle him to appeal in the State courts of Michigan. People v. McKinley, 383 Mich. 529, 176 N.W.2d 406.

The remedy of delayed appeal remains available to Albertson under Michigan procedure.

Affirmed.