.   PEOPLE v THATCHER

Docket Nos. 77-4281, 77-4282. Submitted April 3, 1978 at Grand
Rapids.—Decided May 23, 1978.

Fred Thatcher was charged with possession of heroin and carry-
ing a concealed weapon. Prior to that charge he was arrested as
he was entering an automobile and a search of the defendant
and the vehicle revealed a tinfoil packet containing heroin and
an automatic pistol. Defendant filed a motion to suppress
evidence on the basis of an invalid arrest and illegal search and
seizure. The motion was denied by Thomas C. Megargle, J.,
Branch Circuit Court. Defendant appeals. *Held:*

The facts and circumstances of this case would lead a reason-
ably prudent person to the honest belief that a felony had been
committed and that defendant participated therein; therefore,
there was probable cause to arrest and the trial judge did not
abuse his discretion in denying defendant's motion to suppress
evidence.

Affirmed.

D. C. Riley, J., dissents on the ground that the evidence leads
to the conclusion that the police officers had no more than a
mere suspicion that defendant was involved in a drug transac-
tion and suspicion is not probable cause; furthermore, because
the arrest was invalid and the search illegal, it was an abuse of
trial court discretion to deny defendant's motion to suppress
evidence.

Opinion of the Court

1. Appeal and Error—Arrest—Criminal Law—Probable Cause—
Discretion.
Once a trial court has found probable cause for an arrest the

_____

       *ʋ*       References for Points in Headnotes
[1, 2, 3, 4] 5 Am Jur 2d, Arrest § 49.
   What constitutes probable cause for arrest—Supreme Court cases.
   28 L Ed 2d 978.
[2] 5 Am Jur 2d, Arrest §§ 16, 24, 32, 44 *et seq.*
[4] 29 Am Jur 2d, Evidence §§ 415, 531.
   Modern status of rule governing admissibility of evidence obtained
   by unlawful search and seizure. 50 ALR2d 531.

Court of Appeals will overturn such a ruling only where an abuse of discretion is shown.

2. Arrest—Criminal Law—Searches and Seizures—Probable
   Cause—Prudent Person Test.
   Probable cause for a police officer to arrest and seize evidence exists where facts and circumstances would lead a reasonably prudent person to the honest belief that a felony had been committed and that the defendant participated therein.

Dissent by D. C. Riley, J.

3. Arrest—Criminal Law—Probable Cause—Legality—Facts of
   Case.
   *Probable cause and the legality of an arrest is a determination which relies heavily on the facts of a particular case.*

4. Arrest—Without Warrant—Probable Cause—Valid Arrest—
   Searches and Seizures—Poisonous Tree—Plain View Rule
   —Evidence—Admissibility.
   *An arrest without a warrant cannot be sustained on suspicions not amounting to probable cause; if an arrest is invalid, evidence found in a search incident to that arrest must be suppressed as a "fruit of the poisonous tree"; in an instance where the arresting officers are not in a place where they have a right to be, the evidence seized under the "plain view" exception to the warrant requirement is inadmissible because the arrest is illegal.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John L. Livesay,* Prosecuting Attorney, for the people.

*Kenneth A. Birch,* for defendant.

Before: R. B. Burns, P. J., and J. H. Gillis and D. C. Riley, JJ.

J. H. Gillis, J. Defendant was arrested on October 14, 1976, as he was entering an automobile in a municipal parking lot in Coldwater, Michigan. A search of the defendant and the vehicle he was about to enter revealed a tinfoil packet containing

heroin and an automatic pistol. Defendant was charged with possession of a controlled substance, to-wit: heroin, contrary to MCL 355.341(4)(a); MSA 18.1070(41)(4)(a), and carrying a concealed weapon, contrary to MCL 750.227; MSA 28.424.

Before trial, defendant filed a motion to suppress the heroin and the pistol on the basis that the police officers lacked probable cause to arrest defendant and, therefore, the evidence seized pursuant to the unlawful arrest was inadmissible at trial. This motion was denied. Defendant now appeals by leave granted challenging the validity of this ruling.

The crux of defendant's argument on appeal can be set forth in one rather simple sentence. Did the police officers have probable cause to arrest defendant?

Our review of the record leads us to answer the aforementioned question in the affirmative. Admittedly, the factual situation in the instant matter presents a close case as to the existence of probable cause. However, once the trial court has found probable cause for an arrest, we will only overturn such a ruling when an abuse of discretion is shown. *People v Langston,* 57 Mich App 666; 226 NW2d 686(1975).

In the instant case, defendant was driving an automobile which had been used in an "undercover" drug buy earlier in the day. The undercover officers were still attempting to locate the money they had used to purchase the drugs. Defendant reacted in a suspicious manner when passing the officers' vehicle. The arresting officers had sufficient information to believe that the missing money was in the car.

These facts and circumstances would lead a reasonably prudent person to the honest belief

that a felony had been committed and that defendant participated therein. See *People v Langston, supra,* at 675.

Accordingly, we find no abuse of discretion on the part of the trial court in denying defendant's motion to suppress the evidence.

Affirmed.

R. B. Burns, P. J., concurred.

D. C. Riley, J. *(dissenting).* As the majority states, the sole question on appeal concerns the legality of defendant's arrest. My review of the evidence presented at the preliminary examination leads me to conclude that the police did not have probable cause to arrest.

Because a probable cause determination relies so heavily on the facts of the particular case, I feel the necessity of reciting the facts available to the trial judge in more detail than is set forth in the majority opinion.

Undercover narcotics officers arranged a drug purchase. They proceeded to a house trailer in the company of one Vicki Diamond, who was unaware of the officers' identity. At the trailer they met Charles Blanton and gave him a marked amount of money, which he took into the trailer. When he returned Blanton attempted to call a person called "Earthworm" on the CB radio located inside of a brown Chevrolet Nova parked near the trailer. When the CB radio did not function correctly, Blanton yelled to his wife inside of the trailer to "call Chick".

Blanton instructed Vicki to drive to a particular intersection where she would receive the drugs. After Vicki and one of the officers left to pick up the drugs, the remaining officers saw a woman

leave the trailer carrying a brown paper bag. They asked Blanton if "that was how the money's getting out of here", to which Blanton responded affirmatively. The woman drove away from the scene in a small blue-green or brownish-green car, but not the Nova.

Vicki Diamond and the third officer returned with the drugs, and then Vicki and all of the officers left. Shortly thereafter, Vicki was arrested and the officers proceeded back toward the location of the trailer. En route they passed defendant driving the brown Nova, followed by a police surveillance car. The surveillance team had seen defendant drive the Nova away from the trailer's location.

The surveillance car was ordered to follow defendant. While watching the car the surveillance officers were informed by the undercover officers that the car had been used in the drug transaction and that the marked money might be in the car. On the basis of this information they arrested defendant. A search of defendant's person revealed the heroin in question and the gun was found, subsequent to his arrest, in a brown paper bag one officer spotted protruding from beneath the front seat of the Nova.

In addition to the two counts in the present case, defendant was also charged as an aider and abettor to the drug sale. This charge was dismissed when the examining magistrate held that there was insufficient evidence to show probable cause that defendant aided in the transaction.

On the totality of this evidence I cannot find that the police had probable cause to arrest defendant for delivery of a controlled substance. Defendant was never identified as being at the trailer when the transaction was evolving. He was

not seen by any of the witnesses prior to the time
he was spotted driving the Nova. The car was not
involved in the transaction other than Blanton's
aborted attempt to use the CB radio. The purpose
of the CB call was itself ambiguous since the call
was never completed. No drugs or money were
ever directly placed in the Nova.

It appears that the primary reason that the
Nova was stopped, and defendant arrested, was
the officers' feelings that the marked money might
be in the car. However, the officers were told by
Blanton that the money was leaving with the
woman in a different car. In fact, the surveillance
team was initially informed that the money was
being removed by a woman in a green or brown
car.

Given this testimony, I find that the officers had
no more than a mere suspicion that defendant was
involved in the drug transaction. A warrantless
arrest cannot be sustained on suspicions not
amounting to probable cause. *People v Falconer,*
76 Mich App 367; 256 NW2d 597 (1977), *People v
Reeves,* 23 Mich App 183; 178 NW2d 115 (1970). If
an arrest is invalid, evidence found in a search
incident to that arrest must be suppressed as a
"fruit of the poisonous tree". *Chimel v California,*
395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969).
Likewise, if an arrest is illegal, the arresting offi-
cers are not in a place where they have a right to
be, so that evidence seized under the "plain view"
exception to the warrant requirement is inadmissi-
ble. *Coolidge v New Hampshire,* 403 US 443; 91 S
Ct 2022; 29 L Ed 2d 564 (1971), *People v Whalen,*
390 Mich 672; 213 NW2d 116 (1973).

I would find that the trial court's denial of the
motion to quash, as described by the majority, was
an abuse of discretion. As I have previously con-

cluded, the Nova was not used in the transaction to any relevant extent. While the officers were attempting to locate the money, their best (and only) real evidence as to its whereabouts precluded a belief that it was in the Nova. Defendant's "suspicious manner" when he noticed the surveillance car was so equivocal that the trial judge expressly noted that it played no part in his decision. These factors do not lead to the conclusion that the officers had probable cause to believe that the money was in the Nova. It is interesting to note that while the trial court's opinion relates most of the preliminary examination testimony, it neglects to mention at any point Blanton's affirmative response to the question of whether the woman was leaving with the money.

I would reverse the trial court's decision and suppress the evidence of the heroin and the gun, and accordingly release defendant.