PEOPLE v. MARTIN.

1. TRIAL—EXCLUSION OF WITNESSES—DISCRETION OF COURT—PUBLIC TRIAL.

The exclusion of witnesses from the court room in a criminal prosecution is within the discretion of the court, and is no foundation for the claim that defendant was denied a public trial.

2. SAME—ATTORNEY AND CLIENT—COURSE PURSUED BY DEFENDANT'S ATTORNEY.

Appellate courts cannot determine whether the course pursued by an attorney defending a man charged with crime, in respect to not calling witnesses who were in attendance prepared to testify to the good reputation of defendant, was the best means of promoting his defense.

3. NEW TRIAL—IMPOTENCY—NEWLY-DISCOVERED EVIDENCE.

The defense of impotency, in a prosecution for rape, not made upon the trial, is not such newly-discovered evidence as should move the court to grant a new trial.

Error to recorder's court of Detroit; Wilkins (Charles T.), J. Submitted October 17, 1919. (Docket No. 113.) Decided December 22, 1919. Motion for rehearing submitted February 10, 1920. Denied April 10, 1920.

Harry Martin was convicted of assault with intent to commit the crime of rape and sentenced to imprisonment for not less than 2½ nor more than 10 years in the State prison at Jackson. Affirmed. See 208 Mich. 109.

*George B. Murphy*, for appellant.

*Alex. J. Groesbeck*, Attorney General, *Matthew H. Bishop*, Prosecuting Attorney, and *Van H. Ring*, Assistant Prosecuting Attorney, for the people.

SHARPE, J. In *People* v. *Ayres*, 195 Mich. 274, Mr. Justice OSTRANDER said:

"But, that respondent may not believe that a meritorious position is denied him upon a mere construction of an act of the legislature, we have, as the circuit court did, reviewed the showing for a new trial which was presented."

In view of the insistence of defendant's counsel that the affidavits on which such motion was founded clearly show that defendant did not have a fair trial and that the evidence, which it is now claimed might have been produced in his behalf, is convincing that he was wrongfully convicted, we have concluded to follow the practice indulged in in that case and consider the showing made.

It is insisted that defendant was denied a public trial. The record is silent as to any order made. In the affidavits filed it is stated that defendant's witnesses were kept out of the court room. In affidavits filed by the prosecuting attorney, it is said that an order excluding witnesses was made at the request of defendant's attorney. This was clearly within the discretion of the court and raised no such questions as were presented in *People* v. *Murray*, 89 Mich. 277 (14 L. R. A. 809, 28 Am. St. Rep. 294), and *People* v. *Yeager*, 113 Mich. 228, on which counsel relies. The affidavits state that several witnesses were at the courthouse, prepared to testify to the good reputation of defendant, but that they were not called. Much argument is indulged in to show that defendant's rights were thus prejudiced.

A careful reading of the brief of defendant's counsel on this motion, as well as that filed when the appeal was submitted, reveals the fact that his principal complaint is that the counsel who acted for defendant at the trial failed to properly defend him and neglected to make objections, put in proofs, and do

other things which it is now insisted would have secured his acquittal. Appellate courts cannot determine whether the course pursued by an attorney defending a man charged with crime, in respect to the matters referred to, was the best means of promoting his defense. All who are familiar with trials well know that attorneys frequently differ as to the theory on which a defense to a criminal charge should be presented. In denying the motion made by present counsel, the trial judge said:

"The defendant was ably defended at the trial, had a fair trial and was duly convicted by the jury and in the finding of the jury the court, who gave close attention to the evidence and who has carefully investigated the case since conviction, thoroughly concurs."

In an affidavit made by defendant in support of the motion, he deposed that when a young man 19 years of age he suffered from disease, and as a result became impotent and has since remained so; that he had many times been examined by physicians and his condition so determined by them, and that for such reason it was a physical impossibility for him to have committed the crime charged against him. In this claim he is supported by the affidavit of his wife, who states that she knew of his condition in such respect before marriage and has realized it during the 18 years of their married life. It is significant that though defendant claims he has been several times examined by different physicians, as above stated, no affidavits of such physicians were procured nor were any of them produced to testify on such motion. Neither does it appear that such information was disclosed to his counsel before his trial and conviction. This was surely not newly-discovered evidence, nor do we find that the affidavits present any other facts which should have moved the court to

grant a new trial for this reason. We agree with the trial judge who, in denying such motion, said:

"The evidence alleged to be newly-discovered was all within the knowledge of the defendant at the time of the trial, or, with due diligence, might have been secured and there adduced."

The application for a rehearing is denied.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, and BIRD, JJ., concurred. CLARK, J., did not sit.