385 P.2d 609

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Larry MEYERS, Defendant and Appellant.**

No. 9937.

Supreme Court of Utah.

Oct. 16, 1963.

L. G. Bingham, Ogden, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Deputy Atty. Gen., Salt Lake City, for respondent.

McDONOUGH, Justice.

This is an appeal from a conviction for the crime of rape in violation of Section 76–53–15(1), U.C.A.1953.

The appellant was found guilty of rape upon his 10-year-old daughter and appealed on the basis that: (1) He was denied a public trial as provided for by the Utah State Constitution;[1] (2) The testimony by the arresting police officer upon cross-examination prejudiced the jury when the officer stated that he did not ask the defendant whether or not he was guilty at the time of arrest because he knew him,—thus implying that the defendant had committed other crimes.

In the beginning of the trial the prosecution moved to exclude the public because of the nature of the case. It was urged that the motion was based upon the age of the girl, the relationship of the girl and the defendant, and the fact that it was a rape case. The motion was denied, with the exception of those who might be witnesses, the court stating, "The trial is to be open to the public with the exception of the witnesses, they may be called back when their

1. Utah Constitution, Article I, Section 12.

presence is necessary for the testimony of the proceedings." The defense attorney then pointed out that this was not the State's motion,—that the State had moved to have all persons excluded from the trial. The court then informed the State it would grant a motion for exclusion of the witnesses only if the State desired, and if it did not, then the witnesses could come back, whereupon the State asked that this portion of the motion be granted. The witnesses were then excluded with the exception of the prosecutrix. The prosecution then made its opening statement to the jury. After another objection by the defense the State withdrew any motion to exclude any person, including witnesses, and the court ordered that all persons, including witnesses, could come in.

■ The question here is whether exclusion of the witnesses, with the exception of the prosecutrix, during the opening statement of the prosecution is a denial of a public trial.

In a prior case,[2] where the court invoked the exclusion rule,[3] but permitted the prosecutrix to remain in the courtroom during the trial when she was not testifying, we held that the trial court did not abuse its discretion, and no prejudice resulted. The Supreme Court of Michigan held it was clearly within the discretion of the court to issue an order excluding respondent's witnesses from the courtroom at the request of the respondent.[4]

In the instant case the only persons excluded from the trial were some of the witnesses, and this was only during the opening statement of the prosecution. Other persons were present, including friends and the press. Based upon the facts in this particular case, there has been no denial of a public trial to the defendant.

■ In regard to appellant's second point: inasmuch as it was his own attorney who asked the questions which brought forth the answers on cross-examination, he is in no position to complain of them. Affirmed.

HENRIOD, C. J., and CALLISTER, CROCKETT and WADE, JJ., concur.

2. State v. Moore, 111 Utah 458, 183 P.2d 973.
3. 78–7–4, U.C.A.1953.

4. People v. Martin, 210 Mich. 139, 177 N.W. 193.