### PEOPLE *v.* BADGE

1. APPEAL AND ERROR—CRIMINAL LAW—RAPE—EXAMINATION OF THE RECORD.

   Even in absence of objections as to alleged errors at the trial, it is the prerogative of the Court of Appeals to examine the record in prosecution for rape in a search for error reflecting clear injustice.

2. CRIMINAL LAW—FAILURE OF DEFENDANT TO TESTIFY—TACTICS OF DEFENDANT'S COUNSEL.

   Failure of defendant's counsel to put criminal defendant on the stand after he told the jury that the defendant would testify is a permissible trial tactic, and not a basis for reversal because of prejudicial error.

3. SAME—PROSECUTOR'S COMMENTS ON CHANGES IN THE LAW.

   Comments by a prosecuting attorney as to the recent and rapid changes in the law are not productive of reversible error, where the jury was fully advised that they could only consider evidence from the witness stand.

4. SAME—PROSECUTOR'S STATEMENTS—FAILURE OF DEFENDANT TO TESTIFY.

   Prosecutor's remarks in reference to a statement made by defendant at a time when defendant was not under oath or subject to cross-examination are not a violation of the rule that no comment is to be made as to a defendant not taking the witness stand (CL 1948, § 768.22).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error § 867.
[2]  21 Am Jur 2d, Criminal Law § 315.
[3]  53 Am Jur, Trial § 506.
[4]  53 Am Jur, Trial § 470 *et seq.*
[5]  29 Am Jur 2d, Evidence § 584.
    53 Am Jur 2d, Trial § 23.
[6]  53 Am Jur 2d, Trial § 21.

5. SAME — EVIDENCE — ADMISSIBILITY OF STATEMENTS — ARGUMENT BEFORE JURY — PREJUDICE.

> A question of admissibility of a statement made by defendant should not be discussed before the jury, but there is no prejudice to defendant if such statement is properly admitted into evidence and the jury is instructed that any evidence to which an objection was sustained must be disregarded.

6. SAME—EXCLUSION OF EVIDENCE—PREJUDICE.

> It is not prejudicial to defendant to have had an exhibit offered by the people excluded from evidence at trial upon objection rather than motion to suppress before trial.

Appeal from Macomb, Gallagher (Edward J.), J. Submitted Division 2 December 4, 1968, at Detroit. (Docket No. 4,443.) Decided December 20, 1968.

Arthur William Badge was convicted of rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Donald L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Neale & Steeh,* for defendant on appeal.

PER CURIAM. Defendant Arthur William Badge was convicted by a jury of the crime of forcible rape. CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788). He has appealed his conviction claiming that he was denied a fair and impartial trial.

No objections were raised below as to the points of prejudice now alleged. We do not read *People v. Hicks* (1966), 2 Mich App 461, as does defendant, for the proposition that this Court is required to examine the record in prosecution for rape in a

search for error reflecting clear injustice, even though no objection was raised at trial. It is, however, our prerogative to do so and, as in *People* v. *Hicks, supra,* we choose to do so here.

Defendant by present counsel asserts prejudice in defense trial counsel's failure to put defendant on the stand after telling the jury that defendant would testify.

It is not certain, but it is reasonable to assume that defense counsel at trial intended to put defendant on the stand, but because testimony of a detective placed into evidence the whole theory of the defense, he decided not to put defendant on the stand. This was a trial tactic that was permissible.

"Appellate courts cannot determine whether the course pursued by an attorney defending a man charged with crime, in respect to the matters referred to, was the best means of promoting his defense." *People* v. *Martin* (1920), 210 Mich 139.

Defendant asserts prejudicial error as to a remark made by the prosecuting attorney to a witness concerning recent rapid changes in the law. The jury was told by the prosecutor, defense counsel and the trial court that the only evidence that it could consider was to come from the witness stand. We find no reversible error.

Defendant interprets a remark by the prosecutor to violate the rule that no comment is to be made as to a defendant not taking the witness stand.* The prosecutor's statement did not mention the failure of defendant to take the witness stand but referred to a statement made by defendant at a

---

* CL 1948, § 768.22 (Stat Ann 1968 Cum Supp § 28.1045).

time when he was not under oath or subject to cross-examination.

Defendant states, and rightly so, that it is error for a prosecutor to make comments on facts outside of the record to the jury. However, the comment in question was proper because it concerned an inference that could be properly drawn from lengthy and detailed testimony.

"The prosecuting attorney had a right to draw such an inference from the facts appearing in the record." *People* v. *Morlock* (1925), 233 Mich 284.

Defendant claims prejudicial error because of a discussion concerning the voluntariness of a statement by defendant made before the jury. Upon proper and timely objection the trial court excluded all testimony concerning the statement. The colloquy between the court and the attorneys as to the admissibility of that statement should not have occurred in the presence of the jury. However, there was no prejudice to the defendant since the statement excluded was encompassed in another statement given by the defendant to the police which was properly admitted into evidence with the consent of the defendant. Also, the trial court stated in its charge, "any evidence which, to which, an objection was sustained, you must disregard it." There was no error.

Defendant claims prejudicial error upon the offer and rejection of a people's exhibit. All that appears in the record is a brief mention of the exhibit, defense counsel's objection to its introduction and the grounds for the objection and ruling. We find no prejudice to defendant.

Defendant asserts two alleged errors in the instructions of the trial court. After a careful review of the instructions we find no error.

We conclude that defendant was given a fair and impartial trial. There was no miscarriage of justice. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

Affirmed.

LEVIN, P. J., and HOLBROOK and ROOD, JJ., concurred.