PEOPLE v. GREGORY

1. EVIDENCE—PHOTOGRAPHS—ADMISSIBILITY—DISCRETION.

   The admissibility of photographs into evidence is addressed largely to the discretion of the trial court.

2. COURTS—ORDER—NUNC PRO TUNC.

   A *nunc pro tunc* entry is an entry made now of something which was actually done previously and effective on the former date which purports, not to supply omitted action by the court, but to supply an omission on the record of action really had but omitted through inadvertence or mistake.

3. CRIMINAL LAW—FEMALE PATIENT—MENTAL INSTITUTION—COMMITMENT—NUNC PRO TUNC.

   Female inmate of state hospital for mentally handicapped was a "patient" "committed" to a state institution within the meaning of statute punishing sexual intercourse with a female patient of a state institution for the insane or feeble-minded and defining "patient" as one "committed" there where she had been committed by an oral order of a court before the occurrence of the crime, even though a written order of commitment was signed *nunc pro tunc* after the crime (MCLA § 750.34).

Appeal from Branch, Mark S. Andrews, J. Submitted Division 3 December 5, 1969, at Grand Rapids. (Docket No. 6,294.) Decided December 10, 1969.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 785 *et seq.*
[2, 3] 37 Am Jur, Motions, Rules, and Orders § 30.
[3] 41 Am Jur 2d, Incompetent Persons §§ 38, 42.

George Gregory was convicted of ravishing a female patient in a state institution for the feeble-minded. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John A. Wilson* and *Stewart H. Freeman,* Assistant Attorneys General, for the people.

*Benjamin W. Dajos, Jr.,* for defendant.

Before: J. H. GILLIS, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM. Defendant was tried for the crime of ravishing a female patient in a state institution for the feeble-minded, in violation of MCLA § 750-.341 (Stat Ann 1954 Rev § 28.573). The jury returned a verdict of guilty as charged, and defendant was sentenced to from 5 to 15 years in prison. Defendant's motion for new trial was denied and he appeals.

Defendant, an attendant at the Coldwater State Home and Training School, was accused of having sexual intercourse with a patient on April 9, 1967. Although the victim in question has resided in and been treated as a patient of this home since August 27, 1954, the order of commitment had not been signed by the probate judge until 1968.

Defendant alleges that he was prejudiced by the admission of an aerial photograph of a building located at the Coldwater State Hospital taken over a year after the purported crime. Defendant submits that this photograph was not properly verified or authenticated, and that such admission thereby constitutes reversible error. Defendant's second

contention is that the victim was not a "patient" within the meaning of MCLA § 750.341 (Stat Ann 1954 Rev § 28.573,* thereby precluding prosecution of the defendant under that statute.

An examination of the transcript reveals that the admission of the photograph did not constitute reversible error. The admissibility of a photograph in evidence is a question addressed largely to the discretion of the trial court. *Amedeo* v. *Grand Rapids & Indiana Railway Company* (1921), 215 Mich 37. We find that the witnesses sufficiently authenticated the aerial photograph and, under the circumstances, the trial judge did not abuse his discretion in admitting it into evidence.

The defendant's second contention, that the victim cannot be categorized as a patient, is without merit. We find that credible evidence was presented at the trial showing the failure of the committing judge to sign the order of commitment was an inadvertent clerical mistake. Such mistakes or oversights of this nature can be corrected by *nunc pro tunc* order, which was done in this case on May 25, 1968. In *Freeman* v. *Wayne Probate Judge* (1925), 230 Mich 455, at 460, quoting from *Perkins* v. *Hayward*, 132 Ind 95 (31 NE 670), it was said:

"A *nunc pro tunc* entry, in practice, is an entry made now of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake."

The record shows that the court ordered the girl committed in 1954, but neglected to sign the order

---

* "The term 'patient' as used herein shall be construed to mean any female committed to any state or county institution aforesaid and who has not been discharged according to law." MCLA § 750-,341 (Stat Ann 1954 Rev § 28.573).

until 1968, when, by a *nunc pro tunc* entry, the oral commitment order was properly rectified.

We must conclude that our decision is in concert with manifest justice. The victim was a "patient" within the aforementioned statutory meaning of that term, and conviction of the defendant is sustained.

Affirmed.