PEOPLE v DEMPSEY

1. CRIMINAL LAW—PROSECUTOR'S REMARKS—INSTRUCTIONS TO JURY.
   Any prejudice resulting from the prosecutor's calling defendant a "dope pusher" in his trial for inciting perjury and extortion was cured by an instruction to disregard the statement because the evidence would not substantiate the remark.

2. CRIMINAL LAW—VERDICT—MISSTATEMENT—POLLING JURY.
   Any error in the statement by the foreman of a jury that the jury found defendant guilty of inciting perjury and extortion where the court had instructed the jury that they could find defendant guilty of either inciting purjury or extortion, but not both, was cured by the trial court's questioning and polling of the jury to find that defendant had been found guilty only of extortion.

Appeal from Midland, James R. Rood, J. Submitted Division 3 April 5, 1972, at Grand Rapids. (Docket No. 10320.) Decided May 1, 1972.

Lawrence E. Dempsey was convicted of extortion. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *Robert G. Fraser,* Chief Assistant Prosecuting Attorney, for the people.

*James E. Wilson,* for defendant on appeal.

Before: T. M. BURNS, P. J., and HOLBROOK and BORRADAILE,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 671.
[2] 53 Am Jur, Trial §§ 849, 1110.
    * Former circuit judge and now probate judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant Lawrence Edwin Dempsey was charged with inciting perjury MCLA 750.425; MSA 28.667, and extortion MCLA 750.213; MSA 28.410. Defendant was convicted by a jury of extortion, MCLA 750.213; MSA 28.410. He appeals as of right.

Defendant contends that there was insufficient evidence presented at trial to sustain the verdict against him. This claim is without merit. A thorough examination of the record in this case discloses sufficient evidence to sustain defendant's conviction.

Defendant next contends that on two separate occasions during the trial the actions of the prosecutor denied him a fair trial. Defendant had taken the stand in his own defense. On cross-examination defendant objected to the following question.

"In the early, months of 1970, were you engaged in the sale of dangerous drugs and narcotic drugs, is that correct?"

This Court has repeatedly stated that whenever defendant chooses to testify, it is not error for the prosecutor to use his past convictions to impeach his credibility. *People v Payne,* 37 Mich App 442 (1971). Since defendant had admitted on direct examination that he had been convicted of selling LSD in 1970, it was not error for the prosecutor to use this information for impeachment purposes.

During closing argument the prosecutor referred to defendant as a "dope pusher". Defendant objected to use of this term and moved for a mistrial. The trial court denied defendant's motion but did offer the following curative instruction to the jury:

*"The Court:* I might say to the jury that objection was made to the use of the word 'dope pusher'. I'll instruct you to disregard that reference. There is a difference of

opinion as to what and when you use these broad, general terms such as that. There's a difference as to what is meant by it. It is proper to argue as to credibility of a witness based upon the fact he was convicted of selling LSD, but I don't think that you should consider the statement that he is a dope pusher. I don't believe the evidence would substantiate that."

We believe that any prejudice resulting from the prosecutor's statement was cured by this instruction. See *People v John Martin,* 37 Mich App 621 (1972).

Defendant finally contends that the verdict was improper in that it failed to specify which offense defendant was being convicted for. The jury was instructed that it could find defendant guilty of either one of the counts charged but not both. After due deliberation the jury rendered their verdict as follows:

*"The Clerk:* What is your verdict?

*"Juror Smart:* Guilty on count two. This would be inciting perjury and extortion.

*"The Court:* Members of the jury, you do so find on your oath the respondent in this cause guilty of extortion and in the manner and form as the people have on their information in this cause charged, so say you, Mr. Foreman?

*"Juror Smart:* Yes.

*"The Court:* So say all members of the jury?

*"Members of the jury:* (Members of the jury panel answered in the affirmative.)

*"The Court:* Is there anything further?

*"Mr. Wilson:* Yes, we would like the jury polled, please.

*"The Court:* Poll the jury. If this was your verdict, will you answer yes when called to.

"(Jury is polled by the clerk and the verdict is unanimous.)"

This was not a general verdict as the jury specif-

ically stated "Guilty on count two". Any error which might have existed by the foreman's statement "This would be inciting perjury and extortion" was cured by the court's questioning and the subsequent polling of the jury. Each juror having affirmatively answered to the question of whether defendant was guilty of extortion, we find no error in the verdict.

Affirmed.