PEOPLE v MARTIN

1. INDICTMENT AND INFORMATION—RES GESTAE WITNESSES—INDORSE-MENT—DISCRETION.

The addition of res gestae witnesses to an information is a matter within the trial judge's discretion and the standard for review is whether the trial judge abused his discretion in this regard (MCLA 767.40).

2. INDICTMENT AND INFORMATION—RES GESTAE WITNESSES—INDORSE-MENT—DISCRETION.

The trial court did not abuse its discretion in allowing the prosecutor to indorse two res gestae witnesses on the first day of trial, even though the prosecutor was less than diligent in preparing the original information since a different assistant prosecutor than the one trying the case had known the names of the two witnesses at the time the original information was prepared, where defense counsel made no mention of surprise or lack of preparation for cross-examination and neither moved for a continuance nor asked for time to interview the two witnesses.

3. CRIMINAL LAW—PROSECUTOR'S COMMENT—FAILURE OF DEFENDANT TO TESTIFY.

A prosecutor's remark in his closing argument that the evidence was "uncontradicted" does not constitute a comment upon the defendant's failure to testify.

4. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCE.

A sentence of eight to ten years for the crime of assault with intent to do great bodily harm less than murder fails to comply with the indeterminate sentence act (MCLA 750.84).

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 November 8,

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur 2d, Indictments and Informations § 204.
[3] 53 Am Jur, Trial § 470 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 540.

1972, at Detroit. (Docket No. 13734.) Decided December 7, 1972.

Walter L. Martin was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed with sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Daniel S. Seikaly* (Lena Wilson, on the brief, acting under GCR 1963, 921) and *Norris J. Thomas, Jr.,* Assistant State Appellate Defenders, for defendant.

Before: LESINSKI, C. J., and FITZGERALD and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder[1] and appeals as of right. He contends that the trial court committed reversible error in allowing the prosecutor to indorse two res gestae witnesses on the first day of trial.

On September 23, 1971, the day after the selection of the jury and the first scheduled day of trial, the prosecutor moved for permission to indorse two res gestae witnesses. The crime had been committed on February 16, 1971. In asking the court for permission to indorse these two witnesses

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.84; MSA 28.279.

at so late a date, the prosecutor told the court that the reason for his tardiness was the fact that he had just learned the identity of the two witnesses that same morning.

Defense counsel timely objected to the motion to indorse these two witnesses. His stated reason for so objecting was mainly to avoid prejudicing the defendant's present situation by showing the commission of another offense (both of these witnesses had testified against the defendant in a murder trial in June, 1971). Defense counsel further argued that the prosecution had known the names of the two witnesses since February. No mention of surprise was made, however, and defendant did not ask for a continuance nor did he seek time to interview said witnesses.

It is settled that the prosecution must indorse on the information the names of all res gestae witnesses known at the time of filing. It is also true, however, that the names of additional witnesses may be indorsed before or during trial by leave of the court.[2]

Thus, the late indorsement of witnesses is a matter within the trial judge's discretion. *People v Cormandy,* 16 Mich App 517 (1969). It follows that the standard for review should be a consideration of whether or not the trial judge abused his discretion in this regard. *People v McCrea,* 303 Mich 213 (1942); *People v Blue,* 255 Mich 675 (1931).

The unique facts of this particular case lead us to believe that the prosecutor was less than diligent in this regard. The fact that these witnesses were known to a different assistant prosecutor than the one trying the instant case should not insulate the second prosecutor from the consequences of knowledge by another man in the office.

---

[2] MCLA 767.40; MSA 28.980.

However, the use or abuse of a trial judge's discretion should not be considered in a vacuum. When defense counsel was confronted by the prosecutor's application for late indorsement, counsel's main objection was to the effect that the two prospective witnesses would, of necessity, relate facts concerning defendant's prior offense, prejudicing his chances in the present trial. The court, however, obviated this problem by instructing the prosecutor to confine his questioning of these two men to facts relevant to the instant offense. Other than mentioning the fact that the prosecution had the names of these two men since February, defense counsel made no mention of surprise or lack of preparation for cross-examination. Furthermore, defendant neither moved for a continuance nor asked for time to interview these two witnesses. The failure to move for a continuance is strongly indicative of a lack of prejudice. *People v Powers,* 203 Mich 40 (1918); *People v Southern,* 306 Mich 324 (1943).

Consequently, we conclude that the trial court did not abuse its discretion in allowing the prosecutor to indorse two res gestae witnesses on the first day of trial.

Defendant next contends that the statement by the prosecutor in his final argument that the evidence was "uncontradicted" constituted an impermissible comment upon the fact that the defendant did not take the witness stand. This statement by the prosecutor, under Michigan law, does not constitute a comment upon the accused's failure to testify. *People v Jacoboni,* 34 Mich App 84 (1971); *People v Parker,* 307 Mich 372 (1943).

Defendant further contends that the trial court committed several errors in its instructions to the jury. On appellate review, jury instructions must

be read in their entirety. *People v Elkins,* 39 Mich App 603 (1972). We have examined the alleged errors and find defendant's contentions to be without substance.

By supplemental brief, defendant raises the issue that his juvenile record was considered in sentencing, contrary to *People v McFarlin,* 41 Mich App 116 (1972).

The record before us contains the bare statement, "I don't see any juvenile record. You may have been to juvenile court but I don't see it in here—oh, yes". From this we are unable to state that defendant's juvenile record played any part in the sentencing process. The court was aware that defendant was serving a previous sentence for second-degree murder and relied on the report used at the time of sentence on that charge. Likewise, the existence of a pending charge for armed robbery was indicated only by a reference to when the matter would be tried, not that it was used in aggravation of sentence.

Timely raised was the issue of the length of sentence (8 to 10 years) under *People v Tanner,* 387 Mich 683 (1972). Pursuant to GCR 1963, 820.1(7), the minimum sentence is corrected to 6 years 8 months.

Affirmed.