## PEOPLE v McLEOD

### OPINION OF THE COURT

1. CRIMINAL LAW—EFFECTIVE COUNSEL—TRIAL STRATEGY.

    The failure to call an alibi witness does not, of itself, constitute incompetency on the part of counsel, because the question of whether to seek the presence of alibi witnesses is a matter of trial strategy, and appellate courts will not try to second-guess trial counsel on matters of strategy.

2. CRIMINAL LAW—EVIDENCE—SIMILAR ACTS—DEFENDANT TESTIFYING —CROSS-EXAMINATION.

    In a prosecution for uttering and publishing a forged check, when several blank checks had been stolen, it was proper for the prosecutor to question the defendant with respect to whether he had attempted to pass another one of the stolen checks at another bank, because the prosecutor has the right to attempt to show a common scheme or plan on defendant's part and to that end may properly show the possession or cashing of other checks (MCLA 768.27).

3. CRIMINAL LAW—DEFENDANT TESTIFYING—CROSS-EXAMINATION— PREJUDICIAL INFERENCES—CURATIVE INSTRUCTIONS.

    An instruction to the jury in the prosecution for uttering and publishing a forged check that there was no evidence that defendant ever had any of certain stolen checks other than the one which was the subject of the prosecution and that the jury should not draw any inferences as to other possible criminal activity by defendant from any questions that might have been asked cured any possible prejudice resulting from a prosecutor's questioning of defendant as to whether he had attempted to pass another stolen check at another bank.

4. CRIMINAL LAW—PROSECUTOR'S COMMENTS—CURATIVE INSTRUCTIONS —HARMLESS ERROR.

    A trial court's caution to the jury to eliminate from their consid-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law § 137.

[2] 29 Am Jur 2d, Evidence §§ 322, 326.

[4] 53 Am Jur, Trial §§ 680, 682.

eration any inference which was not supported by the evidence presented rendered a prosecutor's reference to the defendant as a "con man" harmless error.

Appeal from Berrien, Julian E. Hughes, J. Submitted Division 3 December 7, 1972, at Grand Rapids. (Docket No. 14177.) Decided February 26, 1973.

Francis D. McLeod was convicted of uttering and publishing a forged check. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Edward L. Skinner,* Assistant Prosecuting Attorney, for the people.

*Butzbaugh, Page, Butzbaugh & Dewane,* for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. The defendant was convicted of uttering and publishing a forged check, MCLA 750.249; MSA 28.446, sentenced to a term of from 3 to 14 years, and appeals as of right.

The testimony at trial showed that on March 29, 1970, the office of Publishers News Company of New Buffalo, Michigan was broken into and among the items stolen were several unused blank checks for a long since closed account at the Bank of Three Oaks. On April 1, 1970, defendant presented one of these checks at the New Buffalo branch of the Bank of Three Oaks. The check was payable to Richard Hatcher and purportedly signed by L. W. Jovien, general manager of Pub-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

lishers News. Mr. Jovien testified that the signature on the check was not his nor had he given anyone else permission to sign on his behalf.

The defense was general denial and alibi. Defendant took the stand and testified on his own behalf. Defendant indicated that at the time in question he was at his home in LaPorte, Indiana, in the company of two other gentlemen. Defendant further indicated that these gentlemen were unavailable at the time of trial, one being in Chicago, Illinois, and the other being in Las Vegas, Nevada.

On appeal defendant asserts that he should be granted a new trial by reason of his attorney's failure in filing a notice of alibi defense and in not moving for a continuance when the alibi witnesses were unavailable to testify at the trial. The same issue was raised below in the motion for new trial. By way of affidavit, with the consent of appellate counsel, trial counsel indicated that he did not seek a continuance because of the impossibility of requiring the presence of these out-of-state witnesses and because the testimony of these witnesses contradicted the prior alibi stories given by defendant.

Defendant's allegation of ineffective assistance of counsel is totally without merit. This Court has held on a number of occasions that the failure to call a witness does not, in and of itself, constitute incompetency on the part of counsel. *People v Crosby,* 19 Mich App 135 (1969); *People v Joseph,* 24 Mich App 313 (1970); *People v Hill,* 32 Mich App 404 (1971). The question of whether to seek the presence of the alibi witnesses is a matter of trial strategy. Appellate courts never try to second-guess trial counsel on matters of strategy. *People v Martin,* 210 Mich 139 (1920); *People v Foster,* 211 Mich 486 (1920); *People v Crosby,*

*supra, People v Shipp,* 21 Mich App 415 (1970);
*People v White,* 25 Mich App 176 (1970).

The record shows that trial counsel actively and
forcefully undertook to defend defendant. Coun-
sel's handling of the case could in no way be
termed incompetent nor a denial of defendant's
right to effective assistance. We might further note
that at the time of sentencing defendant indicated
that he was completely satisfied with trial coun-
sel's handling of the case.

Defendant next asserts prejudicial error arising
from the prosecutor's questioning of defendant
with respect to whether he had attempted to pass
another one of the stolen checks at another bank.
Clearly, the prosecutor has the right to attempt to
show a common scheme or plan on defendant's
part. MCLA 768.27; MSA 28.1050. To that end the
prosecutor may properly show the possession or
cashing of other checks. *People v Nawrocki,* 376
Mich 252 (1965). The inquiry by the prosecutor
was for a legitimate purpose and was therefore
proper. We would further note that the trial court
instructed the jury that there was no evidence
that defendant ever had any of the stolen checks
other than the one which was the subject of this
prosecution, and that the jury should not draw
any inferences as to other possible criminal activ-
ity by defendant from any questions that might
have been asked during the trial. Under these
circumstances, we find no reversible error.

Defendant next asserts that reversible error
arose from the prosecutor referring to him as a
"con man" during closing argument. The law is
well settled that the prosecutor may draw infer-
ences from the facts in the record during closing
argument. *People v Morlock,* 233 Mich 284 (1925);
*People v Badge,* 15 Mich App 29 (1968); *People v*

*Russell,* 27 Mich App 654 (1970). It is not necessary, however, to determine whether the term "con man" is a proper inference, since the trial court properly cautioned the jury to eliminate from their consideration any inference which was not supported by the evidence presented. Error, if any, was harmless error. *People v Martin,* 37 Mich App 621 (1972); *People v Dempsey,* 40 Mich App 400 (1972).

Defendant finally asserts that the trial court improperly considered his juvenile record in fixing sentence. See *People v McFarlin,* 41 Mich App 116 (1972). While some mention of defendant's juvenile record was made during the conference held prior to sentencing, there is absolutely no indication that the trial court considered defendant's juvenile record in fixing sentence herein. In light of the relatively light sentence given even though defendant had an adult record, we find no basis upon which we can find that the trial court considered the juvenile record. Under these circumstances we find no error. See *People v Martin,* 44 Mich App 254 (1972).

Affirmed.

T. M. Burns, P. J., concurred.

Holbrook, J. *(concurring).* This writer is constrained to write a concurring opinion because the prevailing opinion by Judge Van Valkenburg cites *People v McFarlin,* 41 Mich App 116 (1972), as authority. In *People v Pence,* 42 Mich App 215 (1972), Justice O'Hara and this writer declined to follow *McFarlin* and adhered to the holding in *People v Coleman,* 19 Mich App 250 (1969), for reasons therein stated. This writer for the same

reason declined to follow *McFarlin* in his dissenting opinion in the case of *People v McIntosh,* 42 Mich App 640 (1972).

I do concur in the result.