SHIFFERD v GHOLSTON

Docket No. 115617. Submitted February 13, 1990, at Detroit. Decided March 13, 1990.

Jeffrey S. Shifferd brought an action in Wayne Circuit Court seeking damages for an alleged assault and battery by Maurice S. Gholston and Mark S. Gholston. The parties accepted a $2,000 mediation evaluation in favor of plaintiff. A proposed judgment was submitted on June 2, 1986, to Judge Harry J. Dingeman. No objections to the proposed judgment were filed. However, Judge Dingeman failed to sign the order until July 8, 1986. In the interim, on June 20, 1986, the court's computer system generated an order of dismissal bearing the simulated signature of Chief Judge Richard C. Kaufman, stating as reason for the dismissal that no judgment was timely entered. Plaintiff instituted garnishment proceedings against defendants. Judge Dingeman quashed the garnishment writs and vacated the July 8, 1986, judgment. On motion by plaintiff, Judge Dingeman entered a judgment nunc pro tunc which reflected the mediation award. Defendants appealed.

The Court of Appeals *held:*

1. An entry nunc pro tunc is proper to supply an omission in the record of action really had, but omitted through inadvertence or mistake.

2. Relief from Judge Kaufman's order of dismissal is warranted by MCR 2.612(C)(f) since such relief would achieve justice without detrimentally affecting the rights of the opposing parties.

Affirmed.

COURTS — NUNC PRO TUNC ORDERS.

An entry nunc pro tunc is proper to supply an omission in the record of action really had, but omitted through inadvertence or mistake.

REFERENCES

Am Jur 2d, Judgments §§ 186-188, 191, 192; Motions, Rules, and Orders § 44.

See the Index to Annotations under Nunc Pro Tunc.

*Draugelis & Ashton* (by *Timothy M. O'Connor*), for plaintiff.

*Raymond E. Willis,* for defendants.

Before: Holbrook, Jr., P.J., and Hood and R. B. Burns,* JJ.

Per Curiam.

God hath chosen the foolish things of the world to confound the wise.[1]

In a textbook display of the needless taxing of judicial and legal resources, defendants appeal as of right from an order vacating an order to set aside a judgment and reinstating the judgment based on an agreed mediation award. We affirm.

The underlying facts are not in dispute. Plaintiff filed a complaint against defendants for injuries allegedly received as the result of an assault and battery. The matter was mediated pursuant to court rule, and the mediation panel entered an award of $2,000 for the plaintiff. All parties accepted the mediation award, which was dated May 30, 1986. Plaintiff's counsel immediately (on June 2, 1986) submitted a proposed judgment for entry pursuant to MCR 2.602(B)(3) to the trial judge, Wayne Circuit Judge Harry J. Dingeman. No objections were filed within the seven-day period prescribed in the court rule, but for some unknown reason the judgment was not actually signed by Judge Dingeman until July 8, 1986.

In the interim, while the proposed judgment was awaiting the imprimatur of the assigned trial judge, a computer-generated order of dismissal

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

1 I Corinthians, 1:27.

with the simulated signature of Wayne Circuit Chief Judge Richard C. Kaufman dismissed the case on June 20, 1986, " . . . no judgment having been timely entered by the parties."[2]

The next eventful occurrence took place in November and December, 1987, when plaintiff, not having received the agreed upon amount, instituted garnishment proceedings against defendants. This spurred defendants to move to quash the garnishment writs and dismiss the garnishment proceedings. Defendants argued that, since Judge Kaufman had dismissed the matter prior to the entry of judgment by Judge Dingeman, Judge Dingeman had no jurisdiction to enter the July 8, 1986, judgment. The trial judge initially agreed and quashed the garnishments and vacated the July 8, 1986, judgment.

Plaintiff then filed a motion for entry of judgment nunc pro tunc to reflect the agreement of the parties pursuant to the 1986 mediation award. After a hearing Judge Dingeman agreed that plaintiff was indeed entitled to judgment, and granted plaintiff's motion. We agree with the trial judge.

It is clear from our review of this matter that plaintiff complied fully and timely with MCR 2.602(B) in submitting the proposed judgment which reflected the $2,000 mediation figure accepted by all parties. Defendants were given notice of the proposed judgment and did not object. The trial judge to whom the case was assigned duly signed the judgment, which was valid and reflec-

---

[2] Although we have found no authority or provision in the Michigan Court Rules of 1985 or in the Local Rules of the Third Judicial Circuit, we surmise from the wording of the "Notification of Acceptance or Rejection of Mediation Evaluation" contained in the record that the Third Judicial Circuit has some internal procedure for dismissal by the Chief Judge in mediation matters where the parties do not act timely.

tive of the intent of the parties. Indeed, if any order was a violation of the court rules as written, it would be the order of dismissal bearing the signature of Judge Kaufman. Defendants may not take advantage of obvious errors not of plaintiff's doing to avoid their legal commitment.

An entry nunc pro tunc is proper to supply an omission in the record of action really had, but omitted through inadvertence or mistake. *People v Gregory,* 21 Mich App 76, 78; 174 NW2d 905 (1969). Also, relief from Judge Kaufman's order of dismissal is warranted by MCR 2.612(C)(f) since such action would achieve justice without detrimentally affecting the rights of the opposing parties. See *Coates v Drake,* 131 Mich App 687, 691; 346 NW2d 858 (1984).

After a thorough review of this matter, we conclude that the trial court was correct in reinstating the agreement of the parties as exemplified by the July 8, 1986, judgment.

Affirmed.