CHASE *v.* KALAMAZOO CIRCUIT JUDGE.

1. WITNESSES —CRIMINAL CASES —SUBPŒNAS — SERVICE —FEES —
   WITNESS FEES—PAYMENT.
   In criminal cases the fees of officers for serving subpœnas and
   the fees and mileage of witnesses subpœnaed for the peo-
   ple are not required to be paid in advance, but only after
   trial upon due proof of attendance.

2. SAME—SUBPŒNAS—ISSUANCE—DUTY—FORM.
   Upon the prosecution of an information for violation of the
   food law (section 5012, 2 Comp. Laws), upon a complaint
   made by a deputy dairy and food commissioner, it is the
   duty of the prosecuting attorney to instruct the clerk of the
   circuit court to issue subpœnas for the people's witnesses in
   the ordinary form and in the ordinary way; and, the matter
   being brought to the attention of the court, it is his duty to
   instruct the clerk to issue subpœnas in the usual form, with-
   out any indorsement to the effect that fees and expenses are
   not to be paid by the county.

Mandamus by Henry E. Chase, deputy attorney gen-
eral, to compel John W. Adams, circuit judge of Kala-
mazoo county, to order the issuance of subpœnas in the
usual form in criminal cases.   Submitted June 27, 1908.
(Calendar No. 22,899.)   Writ granted September 15,
1908.

*John E. Bird*, Attorney General, *Henry E. Chase*,
Deputy Attorney General, and *Charles W. McGill*, As-
sistant Attorney General, for relator.

*Alfred J. Mills*, for respondent.

PER CURIAM.   Certain complaints were made by one
of the deputy dairy and food inspectors of the State
against certain persons in the county of Kalamazoo for
violation of section 3, Act No. 193, Pub. Acts 1895 (2
Comp. Laws, § 5012).   Examinations were had before an

examining magistrate. The magistrate found reasonable cause to believe the defendants guilty, and bound them over to the circuit court for the county of Kalamazoo for trial. Informations were filed to which the respondents pleaded not guilty. One was against one Philip Bresson. The case was set for trial. The prosecuting attorney appeared in the cases, and was assisted by a duly accredited representative of the attorney general's department. A controversy arose between the prosecuting attorney and the representative of the attorney general's office over the question of fees, the prosecuting attorney contending that under the pure food act the expenses of the witnesses and officers should be paid by the State; the attorney general's department contending that they should be paid by the county the same as other criminal cases. The representative of the attorney general appeared before the circuit court of Kalamazoo county, and made a motion for an order to compel the issuance of subpœnas for witnesses. The prosecuting attorney feared that the issuing of the subpœnas by his authority without protest would estop the county from raising the question of its liability. An unnecessarily acrimonious discussion occurred before the circuit judge upon the question. After patiently hearing the discussion, the court made the following order:

"It is ordered that the clerk of this county issue subpœnas for all witnesses in this cause which the prosecuting attorney may ask for. Said clerk shall indorse on the face of each subpœna, namely:

"'Officer's fees and expenses in serving this subpœna and fees and mileage of witnesses named herein are not to be paid by the county of Kalamazoo. The question whether the State of Michigan or the dairy and food department of the State of Michigan or Kalamazoo county shall eventually pay the officer's and witness fees in connection with such subpœnas so issued is left for future adjustment and determination, and is not intended by this order to be predetermined by this court.'

"If the prosecuting attorney has a list of the witnesses, if the same has been furnished him by the State, the dairy and food commissioner, or the attorney general's depart-

ment, he should at once furnish that list to the clerk and have those subpœnas issued.    I think the same had better be sent to the dairy and food commissioner."

Subpœnas were issued, and across their faces was written in red ink:

"Officer's fees and expenses in serving this subpœna, and fees and mileage of witnesses named herein are not to be paid by the county of Kalamazoo.

Thereupon the relator, the deputy attorney general, petitioned for the writ of mandamus to compel the circuit judge to order the issuance of these subpœnas in the usual form in criminal cases.    As printed in the petition, a part of the language required by the respondent's order to be indorsed on the face of the subpœna was omitted, viz., that part reserving the determination of whether such fees and expenses should be paid by the county or the State.

Fees in criminal cases are not required to be paid in advance.    They are only paid after the trial upon due proof of attendance.    The statute makes it "the duty of all prosecuting officers of this State to prosecute to completion all suits brought under the provisions of this act upon the complaint of the commissioner or of any citizen."    Section 20, Act No. 193, Pub. Acts 1895.    We find nothing in the statute to authorize the issuing of a subpœna in any other than in the ordinary form.    The proper time to raise the question of liability is after the expenses have been incurred, and by some proper proceeding to determine whether the State or the county is liable.    Criminal trials should not be delayed by raising questions of this character.    It was the duty of the prosecuting attorney to instruct the clerk to issue subpœnas in the ordinary form and in the customary way.    The court, when the matter was brought to its attention, should have instructed its clerk to issue the usual subpœnas in criminal cases.

The writ will issue, but without costs.