638 P.2d 890

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Steven James CLARK, Defendant-Appellant.**

**No. 13964.**

Supreme Court of Idaho.

Dec. 23, 1981.

---

David Z. Nevin, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A. I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a felony conviction for a violation of I.C. § 18–5606, which prohibits the receipt of earnings of a prostitute. *We affirm.*

Defendant-appellant Clark operated a "dating service" in Boise which was advertised in local newspapers. Admittedly, the business was merely a front for the procurement of prostitutes. When a customer would call Clark's business, he would dispatch one of his escorts-prostitutes. The charge for the service was fifty dollars, of which Clark was to receive twenty-five dollars, plus one-half of any tips received. Clark admitted knowing that his customers were looking for sexual encounters and also admitted knowing that the "escorts" were prostitutes.

In December, 1979, in response to a telephone call Clark dispatched a prostitute who was apprehended by the police during her sexual encounter. She agreed to cooperate with the police and turned over twenty-five dollars of her earnings to Clark. He was charged, tried and convicted of accepting the earnings of a prostitute.

At the time of Clark's conviction, I.C. § 18–5606 prohibited the knowing receipt "without consideration" of the earnings of a woman engaged in prostitution. [The consideration requirement has been eliminated by 1981 Idaho Sess.Laws, Ch. 324, p. 674–75]. The jury was instructed that the statutory proscription encompassed only those transactions lacking in consideration, and appellant makes no assertion of error regarding those instructions. The sole issue here is whether, under the admitted facts, Clark's knowing acceptance of the earnings of a prostitute was with "consideration".

It is Clark's principal contention that, although he knowingly accepted the earnings of a prostitute, he nevertheless did so as a payment for the services he had rendered to the prostitute. He argues that the uncontroverted evidence indicates that he maintained an advertised place of business equipped with a telephone where the prostitutes could wait for and be dispatched to customers for their service. He also asserts that he maintained files on customers, some of whom were screened, designated undesirable, and not accepted as customers. He also was to provide any legal defense that

might be required. Clark maintains that such services constituted "consideration" for his knowing receipt of earnings of a prostitute. *We disagree.*

While the services provided by Clark may be deemed "consideration" in the broadest sense of the term, in a legal context it is clear that that which is claimed as consideration cannot be given in violation of law or public policy because that which violates law or public policy is no consideration at all. Williston on Contracts, § 101 (3d ed. 1957). Clark's avowed and admitted business purpose was to procure prostitutes for his customers. Procurement for prostitution is forbidden by I.C. § 18–5602, and receiving pay for such procurement is forbidden by I.C. § 18–5603. Hence we hold that the term "consideration" as used in I.C. § 18–5606 is not intended to include therein services which are intended to keep a woman in the business of prostitution and which are proscribed as felonious procurement by our legislature. Appellant lastly suggests that some significance should be attached to the fact that our legislature used the term "consideration" as contrasted with the use of the term "lawful consideration". *E.g.,* Ill.Ann.Stat. Ch. 38, § 11–19, (Smith-Hurd). Again we disagree. Those courts which have construed the term "without consideration" in a similar context have concluded that it refers to those situations where the claimed consideration is not part of illegal conduct in placing or maintaining a woman as a prostitute. *People v. Hill,* 32 Mich. App. 404, 188 N.W.2d 896 (1971); *State v. Harris,* 396 S.W.2d 585 (Mo.1965); see *also: People v. Brown,* 36 Mich.App. 187, 193 N.W.2d 426 (1971); *State v. Collins,* 599 S.W.2d 253 (Mo.App.1980); *People v. Fegelli,* 163 A.D. 576, 148 N.Y.S. 979 (1914).

The conviction is affirmed.

BAKES, C. J., and McFADDEN and DONALDSON, JJ., concur.

BISTLINE, Justice, dissenting.

Short years ago I strongly dissented when the other members of the Court found various theories under which a conviction for prostitution could be overturned. See *State v. Lopez,* 98 Idaho 581, 570 P.2d 259 (1977). Today, the Court upholds a conviction, not for prostitution, but for accepting earnings of a prostitute without consideration. The Court concedes that there was consideration given for the money received, but holds that the consideration was not valid in a "legal context." Until today I had thought that consideration in matters of jurisprudence was always viewed in a legal context. Consideration is either present or it is not.[1] Obviously, promises made which violate the law will not support a court action to recover. But this is not a civil action.

The Court relies upon I.C. §§ 18–5602 and 18–5603 as the basis for its holding that the consideration here was not valid. Both of said sections, together with I.C. § 18–5606, under which defendant was charged, were part of Idaho's White Slavery Act, enacted in 1911, see 1911 Idaho Sess.Laws ch. 205, pp. 673–76, which was based upon a similar federal act.[2]

Procurement, according to § 18–5602, is the placing of a female "in the charge or custody of any other person for immoral purposes or in a house of prostitution or elsewhere . . ." or compelling or inducing a female into the same bondage. The defendant here did neither. Receiving pay for procurement, according to I.C. § 18–5603, is taking money or other valuable consideration for violating I.C. § 18–5602. Defendant was not charged with a violation of either I.C. § 18–5602 or I.C. § 18–5603, both of which provisions were clearly aimed at the White Slave traffic, as was I.C.

---

1. The District Court's instruction on consideration stated:

    "In the sense used in law 'consideration' is the inducement to contract. Thus, where money is paid or promised for the receipt of property or goods or the rendition of services; the property, goods or services constitute the 'consideration' for the payment of or promise to pay the money."

2. In 1981, subsequent to the instant case, the legislature amended the White Slavery Act so that its prohibitions run to persons who traffic in prostitutes of either sex.

§ 18–5606. It must be remembered that the various state versions of the White Slavery Act were not aimed at prostitution itself—which in Idaho was not then criminalized—but at the vicious traffic in prostitutes. Section 8 of the White Slavery Act of 1911 candidly recognized that there were women engaged in prostitution[3] and was designed to reach those evil persons, racketeers, who were extorting their earnings.

Although the Court is to be commended for a decision which in part atones for its misdirection in *Lopez*, I am unable to concur in an opinion which again, as in *Lopez*, puts too great a strain on the English language. Since I am unable to agree with the Court's reading of I.C. §§ 18–5602 and 18–5603, I cannot agree that the consideration here involved, at the time involved, was malum prohibitum.

I dissent.

---

**3.** 1911 Idaho Sess.Laws, ch. 205, §§ 1, 2, 3 and 8, pp. 673–75, provided:

"AN ACT

"TO PREVENT THE IMPORTATION INTO THIS STATE OR THE EXPORTATION FROM THIS STATE OF WOMEN AND GIRLS FOR IMMORAL PURPOSES; PROHIBITING THE KEEPING, MAINTAINING, CONTROLLING, SUPPORTING OR HARBORING OF ANY WOMAN OR GIRL FOR IMMORAL PURPOSES, AND PRESCRIBING THE PUNISHMENT THEREFOR.

"*Be It Enacted by the Legislature of the State of Idaho*:

"SECTION 1. That the importation of women and girls into this State or the exportation of women and girls from this State for immoral purposes is hereby prohibited, and whoever shall induce, entice or procure, or attempt to induce, entice or procure, to come into this state or to go from the state any woman or girl for the purpose of prostitution or concubinage, or for any other immoral purpose, or to enter any house of prostitution in this state, or anyone who shall aid any such woman or girl in obtaining transportation to or within this State, shall be deemed guilty of a felony, and, on conviction thereof, shall be punishable by imprisonment in the state prison for a period of not less than two years nor more than twenty years, or by fine of not less than One Thousand Dollars ($1,000) nor more than Five Thousand Dollars ($5,000), or by both such fine and imprisonment.

"SEC. 2. Any person who shall place any female in the charge or custody of any other person for immoral purposes or in a house of prostitution or elsewhere with intent that she shall live a life of prostitution; or any person who shall compel or shall induce, entice or procure, or attempt to induce, entice, procure or compel any female to reside with him or with any other person for immoral purposes, or for the purposes of prostitution, or shall compel or attempt to induce, entice, procure or compel any such female to reside in a house of prostitution, or compel or attempt to induce, entice, procure or compel her to live a life of prostitution, shall be guilty of a felony, and, on conviction thereof, shall be punishable by imprisonment in the state prison for a period of not less than two years nor more than twenty years, or by a fine of not less than One Thousand Dollars ($1,000) nor more than Five Thousand Dollars ($5,000), or by both such fine and imprisonment.

"SEC. 3. Any person who shall induce, entice or procure, or attempt to induce, entice or procure any woman or girl for the purpose of prostitution or concubinage, or for any other immoral purpose, or to enter any house of prostitution in this state, shall be deemed guilty of a felony, and, on conviction thereof, shall be punishable by imprisonment in the state prison for a period of not less than two years nor more than twenty years, or by a fine of not less than One Thousand Dollars ($1,000) nor more than Five Thousand Dollars ($5,000), or by both such fine and imprisonment.

\* \* \* \* \* \*

"SEC. 8. Any person who shall knowingly accept, receive, levy, or appropriate any money or other valuable thing without consideration, from the proceeds or earnings of any woman engaged in prostitution, shall be deemed guilty of a felony, and, on conviction thereof, shall be punishable by imprisonment in the state prison for a period of not less than two years nor more than twenty years, or by a fine of not less than One Thousand Dollars ($1,000) nor more than Five Thousand Dollars ($5,000), or by both such fine and imprisonment. Any such acceptance, receipt, levy, or appropriation of such money or valuable thing shall, upon any proceeding or trial for violation of this section, be presumptive evidence of lack of consideration."